IN

# THE SUPREME · COURT

OF

## PENNSYLVANIA.

93    15
204    643

## City of Philadelphia, to use of Johnson, *versus* Rule.

1. The frontage rule of valuation, as applied to rural property, is unequal, unjust and unconstitutional.

2. In a scire facias on a claim for paving, to rebut the defendant's evidence of the bad character of the paving, there were offered in evidence samples of the stone taken from the quarry, the same as that used in the paving: *Held*, that these samples should have been admitted; and that it was error to charge the jury that a failure to produce samples of the very material used, raised an inference that such samples, if produced, would have told against them. *Held, further*, that these errors were harmless when it appeared that the property sought to be charged was rural property, to which a per foot front assessment would not apply.

January 26th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J. absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of January Term 1879, No. 231.

Scire facias sur municipal claim by the City of Philadelphia, to the use of Samuel Johnson et al., against Elizabeth Rule and her husband, in right of said Elizabeth Rule, for paving a lot of ground at the corner of Fifty-sixth and Chestnut streets, in the city of Philadelphia. Defendants pleaded "non-assumpserunt."

(15)

[City of Philadelphia *v.* Rule.]

At the trial, the plaintiff offered in evidence the Act of April 3d 1873, Pamph. L. 504, under the provisions of which the paving was done and the claim filed. In filing the claim the directions of the act were followed, and the charges were made therein in accordance with a foot frontage assessment. The defendants gave evidence to show that the materials used in the paving were not of a good character. One point of defence was, that the rubble-stone laid was not good. The plaintiffs, in rebuttal, offered in evidence a stone of which a witness said : " This is a sample of stone which is put in the street; it is exactly like those put down—is a fair specimen of them—and came from the quarry. It's the same stone." This was rejected, on the ground that it did not come out of the street itself. The defendants also gave evidence to show that the property which it was proposed to charge was rural property, and consisted of farm land.

In the general charge, the court, Finletter, J., inter alia, said : " The plaintiff could have brought you specimens of the stone. It is for you to say how far the absence of such testimony has a tendency to corroborate his side of the case. * * * It is a principle of law that, if a party fails or neglects to produce witnesses or samples which were in his power, the witnesses or samples would, if produced, have been against him. * * * Two or three years ago, the question in this case came up before the Supreme Court, and it said : ' You have no right to pass Acts of Assembly directing the paving of the streets, and directing that it shall be paid for by the frontage of that street, at the rate calculated upon the frontage of the street.' This being the law, it becomes an important question for you to determine whether this lot was rural, suburban, or used for agricultural and grazing purposes. * * * Of course, it is something when the owner of a large lot of land like this shows that it had not been used for any other purpose than farm land, and that he has kept it in the character of a farm against all its surroundings. In addition, you are shown that the locality from Forty-second to Fifty-sixth street was unimproved land; that at that time there were fourteen squares on one of the most important streets, one of the most valuable streets in the city, unimproved. * * * Then the question you are to determine is, whether it is rural, suburban, or agricultural land. That you must ascertain from the uses to which it has been put. It has been uninterruptedly used for farming. This is corroborated by the assessor whom the city has appointed to investigate the character of the land for the purposes of assessment; and he tells you it is farm land.

" If you are satisfied from the testimony it is farm land—and you must consider it at the year 1876—if you are satisfied from all the evidence in the case that it was either rural, suburban, or agricultural or grazing land, it is your duty to find for defendant,

[City of Philadelphia *v.* Rule.]

because the Supreme Court has said the legislature has no right to measure the value of paving by the front foot of such a place. And as the plaintiff claims to recover by virtue of the act, and no other way, you must find for defendants."

Verdict and judgment accordingly. The plaintiff took this writ, and alleged, inter alia, that the court erred in their ruling upon the above evidence and in the foregoing portions of the charge.

*Henry Reed* and *William W. Wiltbank*, for plaintiff in error.— If the legislature, or any person or body under it, imposes a tax which is clearly a burden, in that it does not represent an equivalent for the local improvement bestowed, it does an act which is unconstitutional. In ordinary cases the judgment of the authority imposing the special tax, under sanction of law, is relied on ; and the courts will sustain a charge thus made, if apparently made in the exercise of a sound discretion. The courts will, in such cases, assume, in favor of the legislature, that the special tax does actually represent an equivalent, and no more, of the special benefit : Stroud *v.* City, 11 P. F. Smith 255 ; Lea *v.* City, 30 Id. 315 ; City *v.* Sellers, 6 Phila. 253. The sample of stone produced should have been admitted. It was as fair an exhibit of the character of the rubble, if the jury believed the witness, as could have been secured. The plaintiffs had no right to take stones from the street.

*John H. Connellan* and *Robert P. Dechert*, for defendants in error.—The property sought to be charged was undoubtedly rural, and to apply thereto the per foot front rule was clearly unconstitutional : Hammett *v.* City, 15 Id. 146 ; Seely *v.* City of Pittsburgh, 1 Norris 360 ; Craig *v.* City, 8 Id. 265.

Samples of the very stone used could easily have been produced, and it was not error, therefore, to charge that a failure or neglect to produce these samples raised an inference against plaintiff : Best on Ev., sects. 411, 412, and cases cited ; Church *v.* Church, 1 Casey 278.

Mr. Justice GORDON delivered the opinion of the court, February 9th 1880.

The stone produced by Samuel Johnson, as a sample of the material of which the pavement in controversy was composed, ought to have been admitted in evidence. He swore that it was exactly like those put into the street ; that it came from the same quarry and was the same stone. It was of the general character of the material used that the jury was to judge, and for this purpose a sample of the rock from which it was taken was just as good, if not better, than a block taken from the pavement.

[City of Philadelphia *v.* Rule.]

Furthermore, it was error to tell the jury that the plaintiff might have produced specimens of the stone taken from the street, and that its not having done so was a circumstance that might weigh against it. The city had a right to rely upon evidence of the general character of the material as it appeared in the road-bed, and upon proof of the proper execution of the work, and that it did not have the stones dug up and produced in court was not a circumstance from which unfavorable inferences might be drawn. Certainly a mechanic or contractor is not obliged to tear up his finished work in order to present samples to a jury; such a rule as this would not only be novel and unreasonable, but often impossible.

But this error, as well as some others which might be found in the rulings of the court below, becomes harmless in the presence of the undoubted fact, abundantly proved and not denied, that the property, through which the street runs, was, when the paving was done, and is now, farm land. The property sought to be charged by the lien in controversy lies immediately north of Chestnut street and east of Fifty-sixth street, and is part of what was once known as the Gamber farm, upon which the only building is an old log-house. At the time of this street paving there were but about twenty-five houses between Forty-second and Fifty-sixth streets, and but three west of Forty-sixth, whilst immediately south and west of the property of the defendant the country was wholly occupied for farming and grazing.

This completely rural character of the territory, in which the defendant's lot is situated, protects it from the frontage rule of taxation. A rule of this kind, as applied to country property, is unequal, unjust and unconstitutional; and in thus saying we but repeat what has been said over and over again, in a long series of cases, commencing with the Washington Avenue Case, 19 P. F. Smith 352, and ending with Craig *v.* City of Philadelphia, 8 Norris 268.

It thus follows, from the facts above stated, that the errors committed by the court below did the plaintiff no harm, since, in any event, the verdict must have been for the defendant.

Judgment affirmed.

PAXSON, J., dissented.