## Prichard et al. *v.* Gas Co., Appellant.

*Negligence—Gas companies—Standard of duty.*

While no absolute standard of duty in dealing with such agencies as natural or illuminating gas can be prescribed, every reasonable precaution suggested by experience and the known dangers of the subject ought to be taken.

This will require in a gas company not only that its pipes and fittings should be of such material and workmanship and laid in the ground with such skill and care as to provide against the escape of gas therefrom when new, but that such system of inspection shall be maintained as would insure reasonable promptness in the detection of leaks that may occur from deterioration of the material in the pipes or from any other cause within the circumspection of men of ordinary skill in the business.

*Inspection—Province of court and jury.*

Where the evidence tended to show that a gas company, defendant in an action for personal injuries by reason of alleged negligence resulting in leakage of gas, had no system of inspection and waited for complaints before the inspection was ordered, that some of their pipes had been laid in cinder which was liable to corrode them, that they made only irregular and occasional examinations of the drips in the line of their pipes, while there was evidence that other gas companies kept men daily patroling the streets to specially look for leaks, *held* the question of negligence was for the jury.

Argued April 7, 1896.   Appeal, No. 51, April T., 1896, by defendant, the Consolidated Gas Co., from judgment of C. P. No. 2, Allegheny Co., No. 231, Oct. T., 1893, for Milton F. Prichard, plaintiff, for $200.

Appeal No. 52, April T., 1896, by defendant, the Consolidated Gas Co., from judgment of C. P. No. 2, Allegheny Co., No. 229, Oct. T., 1893, for Kate Prichard, plaintiff, for $50.00.

Appeal No. 53, April T., 1896, by defendant, the Consolidated Gas Co., from judgment of C. P. No. 2, Allegheny Co., No. 230, Oct. T., 1893, in favor of Arthur H. Prichard, Norman A. Prichard and George M. Prichard, by their father and next friend Milton F. Prichard, plaintiffs, for $75.00, to be equally divided between them.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

These were three suits tried together at the same time before one jury for trespass for personal injuries.

180        PRICHARD et al. *v.* GAS CO., Appellant.

Statement of Facts—Assignment of Errors.    [2 Super. Ct.

The facts as stated by this court were as follows :

The plaintiffs resided together as a family on Smallman street, Pittsburg, and in their separate actions, tried before one jury by consent, recovered verdicts as damages for injuries resulting from inhaling illuminating gas which had escaped from the company's pipes.

On January 11, 1893, Mrs. Pritchard and the children were taken sick, the next day the other members of the family were affected in a similar manner. The illness was ascertained to be caused by the escape of artificial gas into the house. In the street in front of the plaintiffs' home were several natural gas lines, one other illuminating gas line, a city water main and a sewer.

When the cause of the trouble was discovered the other gas companies occupying the street inspected their lines and ascertained that their respective pipes were in proper condition. On January 21, the defendant company uncovered its line of pipe on 30th street about two hundred feet from plaintiff's home, broke the main and plugged it. Little more of the place of leakage is known, but the fact was clearly proved that plugging the pipe of defendant in 30th street stopped the escape of gas in the plaintiff's house on Smallman street.

This system had been down about twenty years, but for about fifteen years had not been used for supplying gas to customers on the square on which plaintiffs lived.

No further examination was made to determine the cause or location of the leak.

*Errors assigned* were answers to defendant's points as follows :

1. If the jury believes that the system of inspection in use by the Consolidated Gas Company is the system in general use by other artificial gas companies throughout the United States, and that the system is a reasonable one, as well as the only one practicable, the verdict must be for the defendant. *Answer :* The 1st point is refused. There are additional questions for the jury to consider. Where a gas company used the system of inspection in general use and that system is a reasonable one as well as the only practicable one, it cannot be held to be guilty of negligence therefor. [1]

2. If the jury believes that no notice was given to the defendant until Saturday evening, January 21, 1893, and that the defendant company proceeded to get ready to cut and did cut its main on the following morning and the gas was thus shut off, and removed, the verdict must be for the defendant. *Answer:* Refused. [2]

3. If the jury believes that in the exercise of reasonable diligence and upon inquiry in the neighborhood the plaintiffs could have found that the defendant company had a large gas holder and a main in Smallman street in front of their houses and that they did not use their reasonable diligence and did not make inquiry in the neighborhood, such failure constitutes contributory negligence on their part, and the verdict of the jury must be for the defendant. *Answer:* The 3d point is refused as put. It is affirmed so far as damages occurred after the jury may find the plaintiffs should have ascertained that the defendant gas company has a main in the street and have notified the defendant company. [3]

4. Under all the evidence the verdict of the jury must be for the defendant. *Answer:* The fourth point is refused. [4]

*A. V. D. Watterson,* with him *J. S. Ferguson* and *A. B. Reid,* for appellant.

*C. F. McKenna,* with him *E. J. McKenna,* for appellee.—A company which manufactures and sells gas must keep it restrained at its peril: Thompson on Negligence, par. 11, p. 108; Mose v. Hastings Gas Co., 4 Fost. & Fin. 324; 18 Am. & Eng. Ency. of Law, 1237.

The fact that gas escaped from a place under the control of the company is sufficient evidence to raise a presumption of negligence: Shearman & Redfield on Negligence, par. 692–697.

Opinion by Orlady, J., July 16, 1896 (after stating the facts as above):

The argument of appellant is. exceptionally fair, but the disputed facts in regard to the location of the defect in the line, the sufficiency of the inspection, the custom of like companies in the management of similar agencies, the knowledge of the escaping gas before any action was taken to remedy the leaking pipe, made the issue purely one of fact for the jury.

Three points submitted assumed that the case would be referred to that tribunal, and the fourth, " that under all the evidence the verdict of the jury must be for the defendant, " was properly refused under the evidence.

For at least ten days preceding the closing of defendant's main, the gas had been escaping into the houses on both sides of the street. The other possible sources of escaping gas had been in the meantime examined by their respective owners, and not until they each and all were ascertained to be in good condition did the defendant institute its search for the leak, and then, accepting as a conclusion that the gas was escaping from its pipe on Smallman street, cut or broke its main on 30th street and plugged it. While this act stayed the further flow of the poisonous gas into the home of the plaintiffs, it in addition proved that the defendant had it in its power to have done the same thing ten days prior.

While no absolute standard of duty in dealing with such agencies can be prescribed, it is safe to say in general terms that every reasonable precaution suggested by experience and the known dangers of the subject ought to be taken. This would require in a gas company not only that its pipes and fittings should be of such material and workmanship, and laid in the ground with such skill and care as to provide against the escape of gas therefrom when new, but that such system of inspection should be maintained as would insure reasonable promptness in the detection of all leaks that might occur from the deterioration of the material of the pipes, or from any other cause within the circumspection of men of ordinary skill in the business. It requires nothing unreasonable; it does not require that the company shall keep up a constant inspection all along its lines without reference to the existence or nonexistence of probable cause for the occurrence of leaks or escapes of gas. This is laid down as a measure of duty in Koelsch v. The Philadelphia Co., 152 Pa. 355.

Whether the gas in the main is under high or low pressure, may affect the degree but the degree only of care,—the whole matter is for the jury under proper instruction.

This company had no system of inspection and waited for complaints before inspection was ordered; its duty is not to be measured by so lax a rule.

Gas pipes are laid and maintained to prevent escape of and carry safely the gas to points arranged for its use, and after fifteen years, with excavations and change of ground support being made several times in the street, with the only proved inspection being an irregular, occasional examination of the drips in the line, which would not discover leaks, would be insufficient to warrant instruction that there was no negligence in the maintenance of the defendant's system.

There was evidence from which the jury could fairly find that at least a portion of the ground through which the iron pipe had been laid was cinder, which was liable to corrode iron pipe, and that some of the other gas companies in the city kept men daily patroling the streets to specially look for leaks, was said by the learned judge in review of the evidence, but left it to the jury to find what was a reasonable inspection under the evidence.

The testimony as to contributory negligence in M. F. Prichard's case was too vague and uncertain to affect him with any notice of danger as coming from this defendant under his denial of knowledge of their corporate existence ; the location of their plant or pipes.

The case was fairly submitted to the jury. The assignments of error are not sustained and the judgments are each affirmed.