Heller *v.* Equitable Gas Company, Appellant.

Argued September 29, 1938. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*T. W. Pomeroy, Jr.,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*John E. Evans, Jr.,* with him *Margiotti, Pugliese, Evans & Buckley,* and *Carl D. Smith,* for appellee.

OPINION BY MR. JUSTICE BARNES, January 9, 1939:

The plaintiff, who is the owner of a house on Evergreen Road, Ross Township, Allegheny County, instituted this action to recover damages for personal injuries sustained as the result of a gas explosion which occurred at his home on February 14, 1934. The defendant corporation at the time of the accident was engaged in the business of furnishing gas to its customers in the City of Pittsburgh and elsewhere in Allegheny County. The plaintiff, one of such customers, alleges that the explosion was caused by the negligence of the defendant.

The testimony discloses that several months prior to the explosion, plaintiff detected a gas leak upon his premises. At that time employees of the defendant were working upon a neighboring property, and the foreman,

a Mr. Kind, was requested by plaintiff to ascertain whether there was leaking gas in his service line. Upon prior occasions when he had reported gas leaks, the defendant had sent this representative to do the repair work. After investigation, the foreman found there was a leak, and said to plaintiff that if he would uncover the service line "we'll come over and put another piece of pipe in." The plaintiff dug up about fourteen feet of the line and discovered a hole in the pipe from which gas was escaping.

Later upon the same day the defendant's foreman and three employees replaced with new pipe the defective sections of the line. After the work was completed plaintiff was told "it's all right now." No charge was made for doing this work. The section of pipe removed was twelve feet in length, so that about two feet of the service line, which was not replaced, was visible to the employees of defendant while making the repairs.

The home of plaintiff is built upon a terrace, and for a distance of twenty-nine feet from the house, the service line was laid in filled ground composed of rubbish, decayed wood and ashes, with a one foot covering of top soil.

During a cold spell in February, 1934, plaintiff was applying a torch to water pipes in the cellar of his home when an explosion occurred. It is conceded that it was caused by the escape of gas from that portion of the service line which had not been removed in 1933, when the repairs were made. The gas permeated through the ground to the cellar of plaintiff's house and accumulated in the hollow tile wall in the cellar where the water pipes were located. While the exact point in the old service line where the leak occurred was not established at trial, sections of such pipe were removed subsequently to the explosion and found to be corroded and to contain several holes. As a result of the accident plaintiff suffered a compound fracture of the left leg, as well as other severe injuries.

It is contended that defendant was negligent because it was under a duty to discontinue furnishing gas to plaintiff until an investigation disclosed the extent of defective pipe in the entire line; that when a perforated section of pipe was encountered in filled ground of the character here present, it was charged with knowledge that such soil might cause deterioration of the remaining pipe, and eventual leakage of gas.

On behalf of defendant, its employees who made the repairs testified that the pipe beyond the point of replacement was in sound condition; that they made all the usual tests for gas at or near the point of union after making the repairs, and there was no reason to believe that the pipe was defective; that the work was done in the proper manner and in accordance with the best practice. They also stated that while they did not do the excavation work, the material removed appeared to be a clay fill.

The question whether defendant exercised due care was submitted to the jury which returned a verdict in favor of plaintiff. Defendant's motions for judgment non obstante veredicto and for a new trial were overruled by the court below, and from the judgment accordingly entered it has taken this appeal.

Defendant urges that judgment non obstante veredicto should have been entered in its favor because there was no evidence of negligence to sustain the verdict of the jury. In support of the motion for new trial, it assigns as error the action of the court below in permitting plaintiff (1) to introduce evidence of leaks occurring prior to the repairs in 1933, and (2) to exhibit to the jury sections of pipe removed by defendant's workmen in 1933 and other sections taken out by plaintiff after the explosion.

Upon the question whether there is sufficient evidence of negligence, it seems to us that when defendant's employees undertook to ascertain the cause of leaking gas upon plaintiff's premises, and discovered a corroded and

perforated service line and then proceeded to repair it, they were under a duty to make an adequate inspection to determine whether the remaining sections of the line were in the same condition as those which they had removed and replaced with new pipe. It is not sufficient to assert that defendant was bound merely to install a twelve foot piece of pipe in the service line, and when this work was performed in a proper manner the burden imposed upon it was satisfied. Defendant was obligated to go further, in view of the knowledge acquired of the condition of the pipe and the character of the ground in which it was laid, and to ascertain whether the corrosion extended to the remaining portion of the line, before turning gas into it and advising plaintiff "it was all right." The alternative duty of defendant was to shut off the gas at the main and to discontinue the supply thereof to plaintiff, until he had made the necessary repairs and replacements to his service line.

Plaintiff relied entirely upon the experience of the defendant's employees in such matters. They knew, or should have known, that pipe was subject to deterioration when located in ground composed of a fill of rubbish, cinders and ashes, which was before them.[1] It is conceded by defendant in its brief that if it knew at the time the work was done "of the filled ground, and that the adjacent pipe then looked to be corroded and in bad condition, then it might be said that possible future leaks could reasonably have been foreseen by it, and failure to shut off the gas or do further work was negligent." Such facts are disclosed by the record before us, and the jury was justified in finding that defendant was negligent.

Therefore defendant's duty under the circumstances was not discharged when its employees concluded that the two feet of pipe exposed in the ditch looked "fairly

---

[1] See *King v. Equitable Gas Co.*, 307 Pa. 287, 292; *Prichard v. Gas Co.*, 2 Pa. Superior Ct. 179, 183.

well," and did nothing to ascertain the condition of the sections remaining in the service line. If defendant's employees had exercised the required diligence when they assumed to replace the leaking pipe, they would have remedied the condition themselves, or have warned plaintiff that he must do so, and discontinued service until the work was done, for primarily the burden rested upon plaintiff to maintain his service line in good repair.[2]

We have defined the duty of defendant under the conditions here present in *Windish v. Peoples Natural Gas Co.*, 248 Pa. 236, where we said (p. 240) : "However, it does not follow, that the defendant company could absolve itself from the charge of negligence in continuing to furnish gas through this service line if known to be defective, even if it had no duty to maintain and repair that particular line. Had the defendant company known that the service line was rusted and corroded to such an extent as to permit gas to escape it would have been its duty either to have caused the service line to be repaired by the person whose duty it was to do so, or to have the gas shut off at the street in order to avoid the danger that might result." Again, in *Pouder v. Peoples Natural Gas Co.*, 248 Pa. 242, we used the following language (p. 245) : "If it appeared from the testimony that the defendant company had knowledge of leaks in the service pipe, although it did not have the duty to repair, we should be strongly impressed with the argument of learned counsel for appellants that it would at least have been its duty to shut off the gas at the curb until the repairs were made. . . ."

For the reasons stated we conclude that defendant's motion for judgment was properly refused by the court below.

---

[2] See *Greed v. Manufacturers' L. & H. Co.*, 238 Pa. 248, 251; *Hanley v. Peoples Natural Gas Co.*, 325 Pa. 6, 8; *Soles v. Peoples Natural Gas Co.*, 48 Pa. Superior Ct. 84.

Defendant relies upon the case of *Hanley v. Peoples Nat. Gas Co.*, 325 Pa. 6, to sustain its position, but that case is not controlling upon the questions here presented, because the facts are not analogous. There, plaintiff employed the gas company to extend his service line some twenty feet, made necessary by the relocation of his house, and that was its sole undertaking. There was no evidence that the service line was corroded, or that there were leaks therein at the time the work was done, or prior to the explosion which took place more than four years later as the result of a break in one of the old sections of the line. A compulsory nonsuit was sustained. It was not shown that defendant had negligently performed the work involved, nor were there conditions present which imposed upon it a duty to inspect or repair the line, or discontinue service until repairs were made by the owner. These facts distinguish it from the present case.

There is no merit in the contention that testimony was improperly admitted to show gas leaks prior to the repairs made in 1933. This evidence was introduced solely to establish that defendant's employees, who performed the work here in question, were its authorized agents to receive notice of such defects and to make repairs for the company. It was not offered to show prior negligence of defendant. For this limited purpose only was the testimony received in evidence by the trial judge, and it does not appear that an exception was taken by defendant to its admission.

An objection was made to the admission in evidence of the service pipe removed at the time of the repairs, and of pieces of pipe taken out after the explosion. It is well settled that articles rendered important by the evidence or by the issues involved, or the nature of the investigation, may be produced in court for inspection. See *City of Phila., to use, v. Rule,* 93 Pa. 15, 17; *Byers v. B. & O. R. R. Co.,* 222 Pa. 547, 555; *Goldberg v. P. R. T. Co.,* 299

Pa. 79, 85; *Blake v. Hunsberger,* 46 Pa. Superior Ct. 32, 36. We find no error in this ruling of the court. The sections of pipe were properly identified and their condition described as of the time of their removal from the ground.

The case was fairly submitted to the jury in a charge that was free from error, and the order refusing a new trial must be sustained.

Judgment affirmed.