(November 17, 1913.)

TWIN FALLS BANK & TRUST CO., a Corporation, Appellant, v. TWIN FALLS COUNTY, a Corporation, et al., Respondents.

[136 Pac. 804.]

ACTION AGAINST COUNTY—ALLEGATIONS OF COMPLAINT—CAUSE OF ACTION—DEMURRER.

1. *Held,* that the complaint states a cause of action and that the court erred in sustaining the demurrer.

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. C. O. Stockslager, Judge.

Action to recover for work performed and material furnished at the instance and request of the county. Demurrer to the complaint sustained and judgment of dismissal entered. *Reversed.*

J. H. Wise, for Appellant.

The power to maintain public roads and highways necessarily includes the authority to enter into a contract for that purpose, and it would be absurd to say that a county could not bind itself by a contract, which it was legally authorized to make. (*Argenti v. City of San Francisco,* 16 Cal. 255.)

A. R. Hicks, E. L. Ashton and Babcock & Graham, for Respondents.

A municipal corporation cannot ratify an act done in direct violation of the constitution, and in such case the doctrine of ratification cannot be invoked. (*McNutt v. Lemhi County,* 12 Ida. 63, 84 Pac. 1054.)

Services rendered under a void contract with a board of county commissioners cannot be recovered for in an action

upon *quantum meruit.* (*Hampton v. Board of Commrs. of Logan County,* 4 Ida. 646, 43 Pac. 324.)

The fact that parties may have acted upon a supposed order of the board of county commissioners makes no difference. (*Gorman v. Board of County Commissioners,* 1 Ida. 553.)

SULLIVAN, J.—This action was brought against the county and three persons supposed to be the county commissioners of that county, to recover on eight separate causes of action for labor and work alleged to have been performed and for material and supplies furnished in the performance of the labor upon a public road in Twin Falls county between the city of Twin Falls and Jarbridge City, Nevada.

In each cause of action the allegation in regard to the employment is as follows: "At the special instance and request of the defendants, performed labor for the defendants upon a public road in Twin Falls County."

To the complaint are attached eight exhibits, one under each cause of action, purporting to be an itemized statement of the labor done and materials furnished, of the claim as presented to the board of county commissioners for allowance, which claims were properly sworn to by the claimants and presented to said board of county commissioners, and each of which was disallowed by the board of county commissioners.

A demurrer was filed to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action against the county and that there was a misjoinder of parties, which demurrer was sustained by the court and a judgment of dismissal entered. This is an appeal from that action of the court.

The only error assigned is the action of the court in sustaining the demurrer to the complaint.

The board of county commissioners is a board of limited powers, having only the powers conferred on it by statute. Under the provisions of subd. 4 of sec. 1917, Rev. Codes, the board of county commissioners has jurisdiction and power to lay out, maintain, control, and manage public roads, turnpikes, ferries and bridges within the county, and levy such

taxes therefor as authorized by law. They thus are given power to maintain the public roads and highways, and that power includes the authority to enter into such contracts as are not prohibited for the purpose of keeping the same in repair. The plaintiff in this action alleges that the work was performed and the material furnished at the special instance and request of the defendant county. Now, if that allegation be true, the county ought to pay for the work performed and material furnished at its special instance and request. If the work was not performed and the material was not furnished at the special instance and request of the county, or if the work was done and the material furnished and the county can show any legal reason why it should not pay, that is a matter of defense. Only ultimate facts need be alleged in a case of this kind, and if the county exceeded its authority in procuring such work to be done, or if such work was not done at the request of the county, that may be shown on the trial of the case.

The complaint states a cause of action and the court erred in sustaining said demurrer. The cause is remanded for further proceedings. Costs are awarded to appellant.

Ailshie, C. J., and Stewart, J., concur.