Points Decided.

(November 18, 1913.)

## L. C. SMITH, Appellant, v. R. A. GRAHAM et al., Respondents.

[136 Pac. 801.]

LEVY OF EXECUTION—CLAIM TO PROPERTY BY THIRD PARTY—TRIAL BY SHERIFF'S JURY—INDEMNITY BOND—CONSTRUCTION OF SECTION 4478.

1. Under the provisions of sec. 4478 of the Rev. Codes, where an officer has levied upon property under execution. and the same is claimed by a third person, the officer may summon a jury of six persons to try the validity of the claim, "and if their verdict be in favor of the claimant, the sheriff may relinquish the levy, unless the judgment creditor give him a sufficient indemnity for proceeding thereon."

2. Where a judgment creditor gives his indemnity bond on demand of the officer, as required by the provisions of sec. 4478, Rev. Codes, it is the duty of the officer to proceed with the sale, unless the property is taken from his possession under regular judicial proceedings instituted in a court of competent jurisdiction. In such case, if a judgment should eventually be recovered against the sheriff for the value of the property, he is amply protected by the indemnity bond which he has demanded. and received from the execution creditor.

3. In an action by a judgment creditor against an officer and his bondsmen for failure to sell property on execution where a bond has been demanded from the officer and given by the judgment creditor, and defense is interposed by the officer that the property belonged to a third party, the title to such property or the right of such third party thereto cannot be litigated in such action. A judgment entered in an action between a judgment creditor and an officer for failure to sell property claimed by a third party wherein it would be attempted to adjudicate the title to the property would not be binding upon such third party where he is not made a party to the action.

4. The verdict of a sheriff's jury had under the provisions of sec. 4478, Rev. Codes, is merely advisory to the officer and for his protection and is not *res adjudicata.*

5. Comments by the trial judge on the conduct of an attorney in the case commented upon.

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. C. O. Stockslager, Judge.

Action against a constable and his bondsmen for damages. Judgment for defendants. Plaintiff appealed. *Reversed.*

James H. Wise, for Appellant.

"If any constable to whom any writ of execution is delivered neglects or refuses, after being required by the creditor, his agent or attorney, to levy upon or sell any property of the defendant, which is subject to execution, he and the sureties on his bond shall be liable to the creditor for the value of such property." (*Work Brothers v. Kinney,* 7 Ida. 460, 63 Pac. 596.)

The trial court erred in using prejudicial language before the jury. (*McKissick v. Oregon Short Line R. Co.,* 13 Ida. 195, 201, 89 Pac. 629; *Goldstein v. Rustemeyer,* 21 Ida. 703, 707, 123 Pac. 635; *Wheeler v. Wallace,* 53 Mich. 355, 19 N. W. 33; *McDuff v. Detroit Evening Journal,* 84 Mich. 1, 22 Am. St. 673, 47 N. W. 671; *Shakman v. Potter,* 98 Iowa, 61, 66 N. W. 1045; *Williams v. West Bay City,* 119 Mich. 395, 78 N. W. 328; *State v. Allen,* 100 Iowa, 7, 69 N. W. 274; *People v. Abbott,* 101 Cal. 645, 36 Pac. 129.)

The determination of the jury when made is not conclusive evidence in any proceedings involving the title to the property. It has not the effect of a judicial proceeding. Its only consequence is, that if in favor of the claimant, the officer may demand indemnity from the plaintiff and may surrender the property if indemnity is refused. Until the verdict of the jury, the officer cannot compel the execution of a bond of indemnity. (2 Freeman on Executions, 2d ed., sec. 277, p. 898; *Strong v. Patterson,* 6 Cal. 156; *Davidson v. Dallas,* 8 Cal. 227.)

Sec. 218 of the Code of Civil Procedure of California is in exact language of sec. 4478 of our Revised Codes, and the court in construing this section of the statute said: "It will be seen that the code thus states the effect of the verdict if

in favor of the claimant. It also states the effect of the verdict if against the claimant as to costs. When a statute assumes to state the effect of a certain provision, we must presume that all the effects intended by the lawmaker are stated." (*Perkins v. Thornburgh,* 10 Cal. 189; *Indiana & Chicago Coal Co. v. Neal,* 166 Ind. 458, 77 N. E. 851, 9 Ann. Cas. 424; *Sheldon v. Loomis,* 28 Cal. 122.)

It is improper for a trial court to comment on the evidence produced before the jury or to suggest to the jury what fact is proven or disproven by the evidence. (*State v. Fowler,* 13 Ida. 317, 89 Pac. 757; *Goldstein v. Rustemeyer, supra.*)

Longley & Hazel, for Respondents.

It has been held that sec. 689, Code Civ. Proc., is intended for the protection of the sheriff. (*Paden v. Goldbaum,* 4 Cal. Unrep. 767, 37 Pac. 759; *Brenot v. Robinson,* 108 Cal. 143, 41 Pac. 37; *Dubois v. Spinks,* 114 Cal. 289, 46 Pac. 95.)

Appellant would have the officer do something which the court itself would not have the authority to do. (*Lewis v. Chamberlain,* 108 Cal. 525, 41 Pac. 414, 415; *McDowell v. Bell,* 86 Cal. 615, 25 Pac. 128.)

A levy by such officers upon property of a third person is a breach of their bond for which the sureties are liable, and it makes no difference whether the officer makes the levy or attachment knowingly or by mistake. (*Van Pelt v. Littler,* 14 Cal. 194.)

Under such proceedings, when a third person claims an interest in the property alleged to belong to the judgment debtor, such proceedings end, and an action is necessary to determine the ownership of such property. (*Gordon v. Lemp,* 7 Ida. 677, 65 Pac. 444.)

AILSHIE, C. J.—This action was commenced against a constable and his sureties to recover damages for alleged failure of the constable to discharge official duties.

Judgment was entered in the probate court of Twin Falls county on the 24th day of June, 1911, in favor of L. C. Smith, the plaintiff and appellant in this action, and against Dora

Patrie for the sum of $272.50, together with interest and costs. On the 14th day of August following, a writ of execution issued directing the officer to sell the property of Dora Patrie which was subject to execution for the payment of the debt.

It is alleged that at the time of the delivery of the writ of execution to the defendant Graham, constable, there was sufficient property within Twin Falls county belonging to Dora Patrie out of which to pay the debt. The constable proceeded in accordance with demand and directions from the plaintiff and levied upon the property sufficient to pay the debt and costs, and on the 16th of August one W. L. Cherry served notice upon the plaintiff (appellant herein) that the property levied upon was claimed by him as his property. Thereupon defendant Graham as constable summoned a jury to try the right of property in accordance with the provisions of sec. 4478 of the Rev. Codes. The constable's jury heard the proofs and rendered a verdict in favor of Cherry, finding that the property belonged to him. After this verdict the constable Graham demanded an indemnity bond in the sum of $600 before proceeding any further in the matter of sale of the property on execution. Thereafter and on the 29th day of August, plaintiff made, executed and delivered to the constable in accordance with this demand an indemnity bond in the sum of $600, which was duly accepted by the constable and filed by him in the probate court of Twin Falls county. The constable thereupon proceeded and advertised the property for sale. He failed, however, and refused thereafter to sell the property, and returned the writ of execution unsatisfied, and no property was sold thereunder. The plaintiff thereupon commenced this action against the constable and his bondsmen to recover the amount of the debt called for by the execution.

Several questions are presented by the briefs, but our consideration of the statute (sec. 4478, Rev. Codes) over which this whole trouble arose will be sufficient to dispose of the case in this court. That part of the statute (sec. 4478) which provides for a sheriff or constable summoning a jury to try the

right of property on which a return has been levied, reads as follows:

"If the property levied on be claimed by a third person as his property, the sheriff may summon from his county six persons qualified as jurors between the parties, to try the validity of the claim. He must also give notice of the claim and of the time of trial to the plaintiff, who may appear and contest the claim before the jury. The jury and the witnesses must be sworn by the sheriff, and if their verdict be in favor of the claimant, the sheriff may relinquish the levy, unless the judgment creditor give him a sufficient indemnity for proceeding thereon."

The learned trial judge proceeded in this case upon the theory that in an action by the execution creditor against the officer for failure to sell the property levied upon where an indemnity bond has been given as provided for by sec. 4478 of the statute, the title to the property at the time of the levy becomes a material and essential issue in the case. This is the crux of the whole matter here involved. In that assumption we think the trial court was clearly in error. This statute was undoubtedly enacted for the purpose of meeting the kind of a situation which arose in this transaction. Where the officer entertains doubt as to the title to the property or the right of the third person who claims it, he may call a jury of his own selection over which he himself presides and have them hear all the facts presented and return their verdict, which is in no way an adjudication of the title, but is merely advisory to the officer to enable him to proceed further with safety to himself and his bondsmen. If the jury return their verdict that the property belongs to the third party claimant, then the statute is explicit to the effect that the officer "may relinquish the levy unless the judgment creditor give him a sufficient indemnity for proceeding thereon." After this jury has decided against the title of the execution debtor, the sheriff may refuse to move a step further without he receives a satisfactory indemnity bond from the execution creditor. When that bond is given, it is no longer a matter of any concern to the sheriff. He must proceed and sell the

property, for the reason that he has received security sufficient to cover all damages which may be recovered against him in the event the third party claimant is able to establish his title to the property in a judicial proceeding and obtain a judgment in damages for conversion of the property. The verdict of this sheriff's jury does not adjudicate the title to the property. Although a claimant may have appeared before that jury and introduced his evidence, he would in no way be barred or precluded from thereafter commencing his action in replevin to obtain the property or have his action against the officer for conversion thereof.

On the other hand, the statute provides ample protection for the judgment creditor who may be in possession of evidence which he does not care to submit to the sheriff's jury or which that jury might not give heed to because there is no one to instruct them as to the law of the case, and so the execution creditor has a right to insist that the property be sold, notwithstanding the claim of anyone else, by giving his indemnity bond. If, however, a claimant desires to have the matter judicially determined and to pursue his property in specie, he may commence his action in a court of competent jurisdiction for the recovery of the property and take possession of it in the manner prescribed by the statute, and thereby prevent the sale taking place. Now, viewing the matter from the standpoint of the present action, it would be a useless thing to litigate the title to the property in an action between the judgment creditor and the officer, for the reason that that adjudication would not be in any way binding upon the third party who claimed the property, and a judgment in such a case would not be *res adjudicata* in an action prosecuted by a third party claimant against the officer for conversion of the property. So, if the title is to be litigated in this kind of an action, it might be determined adversely to the execution creditor, and he would thereby lose the value of the property; while in another action prosecuted by the third party claimant against the officer, another jury might return a verdict against the claimant and the judgment debtor would be left with the property, the creditor would

be defeated in his right of recovery, and the officer would have refused to do anything, and the ends of justice would be entirely defeated.

Our statute was evidently taken from the California statute (sec. 218 of the California Civil Code in force in 1858). In discussing this statute in *Perkins v. Thornburgh,* 10 Cal. 190, the court said:

"Under the provisions of our statute, the proceeding before the sheriff is not judicial. The jury is of the sheriff's own selection. He presides upon the trial, and decides all questions as to admissibility of testimony. It would, therefore, be giving an extraordinary force to the verdict to say, without an express statutory provision, that it protected the officer in selling the property of another party, not a defendant in the execution. Such a power might lead to great oppression. But the law has not left the sheriff without ample means of protection."

Again, in speaking of this same statute, the court in the same case said:

"It will be seen that the code itself states the effect of the verdict, if in favor of the claimant. It also states the effect of the verdict, if against the claimant, as to costs. When a statute assumes to specify the effects of a certain provision, we must presume that all the effects intended by the lawmaker are stated." (See *Strong v. Patterson,* 6 Cal. 157; *Davidson v. Dallas,* 8 Cal. 227, at page 252; Freeman on Executions, sec. 277.)

The foregoing assignment of error being disposed of renders it unnecessary to discuss the other questions of law, for the reason that they cannot arise when the foregoing question is eliminated.

An assignment of error has been made against the comment of the trial court upon the action of counsel for appellant in taking exception to the instructions by the court and in asking for the giving of certain instructions. Since the case is to be reversed on other grounds, it is unnecessary to consider this question as there is no probability of it arising on a new trial. This court has on several occasions reiterated

the rule that prevails in this state with reference to comments by the trial court on the weight of evidence and conduct of counsel. (*McKissick v. Oregon Short Line R. Co.,* 13 Ida. 195, 89 Pac. 629; *Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635; *State v. Chambers,* 9 Ida. 673, 75 Pac. 374. See, also, *Wheeler v. Wallace,* 53 Mich. 355, 19 N. W. 33; *McDuff v. Detroit Evening Journal,* 84 Mich. 1, 22 Am. St. 673, 47 N. W. 671; *Williams v. West Bay City,* 119 Mich. 395, 78 N. W. 328.) In *State v. Chambers, supra,* the opinion of this court was written by the able district judge who tried this case and who was at the time a justice of this court.

The judgment is reversed and the cause is remanded for a new trial. Costs awarded in favor of appellant.

Sullivan and Stewart, JJ., concur.