[No. 12704. Department One. September 13, 1915.]

E. W. CROUP, *Appellant*, v. HUMBOLDT QUARTZ & PLACER MINING COMPANY *et al.*, *Respondents*.[1]

VENDOR AND PURCHASER—FORFEITURE — WAIVER — MUTUAL RESCISSION—ACTION FOR PURCHASE PRICE. There was a mutual rescission of a contract for the sale of mining claims, and the courts will not hesitate to declare a forfeiture as one, that was acquiesced in and leave the parties where they placed themselves, where it appears that the vendor, two days after an installment note became due, served written notice declaring a forfeiture and also repudiating the contract as invalid, at the same time stating that, if payment was made within two or three weeks, the forfeiture would not be insisted upon, that for some two or three weeks the vendee attempted to secure an extension of time or a renewal contract or temporary working agreement, without success, and did not pay within the period of grace allowed, but shortly thereafter withdrew from possession of the mines; while the vendor did not want to sell at the time of declaring the forfeiture, but later commenced suit upon the installment note.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered April 1, 1914, upon findings in

[1]Reported in 151 Pac. 493.

favor of the defendants, in an action upon a promissory note, tried to the court.  Affirmed.

*John C. Hurspool* and *W. F. Crowe,* for appellant.

*P. W. Kimball,* for respondents.

Holcomb, J.—This is an action to recover $3,000, principal, and the stipulated interest upon a promissory note given by respondents to appellant.  The defense was that the note was given as the second installment of the purchase price for the sale of a group of mining claims by appellant to respondents; that the sale contract made time of its essence, and provided for a forfeiture in the event of a failure to pay any installment of the purchase price when due; that, on the nonpayment of this note when it fell due, appellant did declare  forfeiture, and thereby relieve respondents from all liability on the note.  In reply to this, appellant claims that, while a written notice of forfeiture was given by him, he, at the same time and as part of the notice, informed respondents that he would not insist on the forfeiture, and that thereafter they retained possession of the mining claims under the contract and both parties recognized the contract as in force.  The trial court, after hearing the evidence, made findings in favor of respondents and entered judgment in their favor.

The third finding was that the notice of forfeiture had been given in writing by appellant to one C. U. Ridgway, who was a member and officer of the company, and the seventh finding was to the same effect, and contained this further finding:

"That at the time of the delivery of said written notice, plaintiff informed the said C. U. Ridgway that if payment of the note was made within two or three weeks the forfeiture would not be insisted on and that plaintiff would perform the agreement upon the payment of said note and the subsequent payments as they fell due."

Appellant maintains that, upon this finding, judgment should have been granted him, for that the forfeiture, if de-

clared, was immediately waived, of which respondents must be presumed to have had notice through its officer, Ridgway, and that, whether bound by notice thereof to Ridgway, such notice of waiver was unnecessary.

There is bare support for the above finding upon the testimony of appellant alone. On the other hand, there is testimony that, although appellant was at the office of the company, and talked to its secretary and keeper of its records and files on the same day that he served the notice, he did not give the same information of waiver to the secretary, and he gave the notice of repudiation and forfeiture to Ridgway outside the door of the secretary. Appellant had previously informed the secretary that he repudiated the contract because of material alterations in it without his authority after he had signed it. His written notice also contained the same notice, in addition to the declaration of forfeiture because of nonpayment. He asserted that, as to him, the contract was both invalid and forfeited. There had been a notice in writing dated January 10, 1913, to respondents from Mr. Crowe, appellant's attorney in his transactions concerning the mining claims, that the note now in action was in his hands, and that he claimed a lien upon it for his services and expenses in the sum of $500. There had been a notice in writing to respondents on May 25, 1913, from appellant, not to pay the note to Mr. Crowe. At the time of the last mentioned notice, the respondents were preparing to pay the note, but suspended payment thereof until it could be ascertained who was entitled thereto. On June 1, the note fell due. On June 3, appellant served his notice of repudiation and forfeiture of the contract. Afterwards, for some two or three weeks, various officers of the company attempted to procure from appellant an extension of the time of performance, a renewal contract, or a sort of temporary working agreement. None of the efforts were successful. Respondents did not pay within the two or three weeks grace which appellant says himself he extended them concurrently with the notice of for-

feiture. He would not sign a new contract. He did not then want to sell the mine or work it in a company. Shortly after failing to obtain a new contract, the respondents withdrew from their possession of the mining claims.

Appellant cites a number of cases as authority for the position that the final election of the vendor in the contract is what governs. We do not consider these cases apposite to the case in hand. Thus, in *Douglas v. Hanbury*, 56 Wash. 63, 104 Pac. 1110, 134 Am. St. 1096, it was held that the time clause of the contract was waived by the vendor when he had accepted seventeen monthly installments from a few days to a few months after due; and that a notice to be punctual with a subsequent installment was not notice of an intent to restore the contract upon its time essential so as to show a specific intent to declare a forfeiture, especially when the receipt of such notice was denied. And in *Walker v. Mc-Murchie*, 61 Wash. 489, 112 Pac. 500, it was held that the vendor, by his acts and conduct, had waived the time essential of his contract and further estopped himself to declare a forfeiture. Other cases cited hold that a vendor may waive a forfeiture, expressly or impliedly, after he has declared it. Undoubtedly, a vendor may waive the forfeiture clause of an executory sale contract, since it is for his benefit, but he could not do both—waive it and declare it. The law disfavors forfeitures, but to prevent hardships or injustice, and the courts will avoid a forfeiture when possible for the benefit of a vendee who would be hurt thereby. But when the obligee in a contract repudiates the contract, and further elects a forfeiture of the unexecuted provisions for the obligor's benefit, and the obligor acquiesces therein, there is a mutual rescission of the contract, and the courts will leave the parties where they placed themselves.

In *Maffet v. Oregon & C. R. Co.*, 46 Ore. 443, 80 Pac. 489, a case cited by appellant, the vendee sued the vendor to recover moneys paid to the vendor under a contract which the vendor repudiated and rescinded. The complaint proceeded

upon that theory, and that the plaintiff, taking the vendor at its word, assented thereto. Wolverton, C. J., writing the opinion for the court, says:

"The plaintiff had a right under the attending conditions, notwithstanding any ratification or reaffirmance of the contract as first entered into, to say to the company: 'Very well, since you refuse to be bound further by your engagements, I assent to your rescission.' This, the law says, is in effect a mutual rescission. Treating the defendant's declaration that the contract is cancelled, and no longer of any force or effect, as an abandonment, the plaintiff might himself abandon, and the contract having thus come to an end, he might very well, as he has done, sue at law to recover what he has paid."

The above observations seem particularly applicable to this situation. Here, of course, the respondents are not suing to recover money previously paid, but are defending against the recovery of a part of the purchase price under a contract rescinded and declared forfeited by the vendor, in which they acquiesce. Furthermore, we do not consider that the appellant should be permitted to hold himself in a position of saying to the respondents, whatever course they took, that they were wrong. He would hold his intention in suspense over their heads. This he could not do.

The judgment is affirmed.

Morris, C. J., Chadwick, Mount, and Main, JJ., concur.