(February 23, 1917.)

## L. C. SMITH, Appellant, v. R. A. GRAHAM, ST. JOHN SKINNER and JOHN J. PILGERRIM, Respondents.

[164 Pac. 354.]

EXECUTION — THIRD PARTY CLAIMANT — INDEMNITY BOND — DUTY OF OFFICER—INSTRUCTIONS.

1. Under the provisions of sec. 4478, Rev. Codes, as amended by the Sess. Laws 1913, p. 308, where property levied on by a constable is claimed by a stranger to the writ, the officer is not bound to proceed further with the execution of his writ; but when he has demanded and accepted indemnity, he is bound to proceed and rely on his bond in indemnity.

2. Where it appears that the only question properly at issue in an action was as to whether or not the defendant had performed his statutory duty as constable in proceeding to levy upon sufficient property of the judgment debtor to satisfy the judgment, and that the question of the solvency of the judgment debtor was therefore immaterial, an instruction by the trial court upon the latter question is error.

3. *Held,* that the question of the exemption of the property levied upon is not involved in this case, as it appears that the judgment debtor made no claim of exemption, and the court accordingly erred in instructing the jury upon the question of exemption.

[As to right of sheriff or constable to indemnity while engaged is executing civil process, see note in 89 Am. St. 441.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Chas. O. Stockslager, Judge.

Action for damages. From a judgment for defendant, plaintiff appeals. *Reversed and remanded.*

James H. Wise, for Appellant.

Upon the pleadings and the testimony in this cause, the matter should be reversed and judgment entered for the plaintiff. (*Smith v. Graham,* 25 Ida. 174, 136 Pac. 801.)

Where there is no substantial conflict in the evidence, and the evidence is insufficient to support the verdict, the judgment will be reversed and judgment directed to be entered in favor of the plaintiff. (*Southwest Nat. Bank v. Baker,* 23 Ida. 428, 130 Pac. 799.)

Longley & Hazel, for Respondents, file no brief.

BUDGE, C. J.—Appellant here recovered a judgment against one Dora Patrie in the probate court of Twin Falls county, on June 24, 1911, for the satisfaction of which a writ of execution was duly issued out of said court on August 14, 1911, and by respondent, as constable of precinct No. One, Twin Falls county, levied upon certain personal property alleged to have been the property of said Patrie. On August 16, 1911, one Cherry notified the respondent Graham that he was the owner of said property, and demanded that the title to the same be tried by a constable's jury, as provided for by sec. 4478, Rev. Codes, as amended by the Sess. Laws 1913, p. 308. Whereupon Graham summoned said jury, to whom the question of the ownership of the property was submitted; the jury found that the property belonged to Cherry. Thereupon Graham notified appellant that he would not proceed further under the execution unless indemnified by appellant. On August 29, 1911, the appellant furnished Graham with a bond in the sum of $600 which was accepted and filed with the probate court on September 1, 1911, and the said property, levied upon under the writ of execution, was on that day advertised to be sold on September 7, 1911. On September 2, 1911, however, it appears that Graham returned the execution wholly unsatisfied.

This action was commenced against Graham and his sureties on his official bond to recover damages for his alleged failure and neglect to properly perform the official duties of his office as such constable of said precinct, in that he failed, neglected and refused to satisfy said judgment by the sale of the said property, levied upon by him after he had been furnished, upon demand, and accepted an indemnity bond.

This controversy was before this court upon a prior occasion and will be found reported in 25 Ida. 174, 136 Pac. 801, to which reference may be had for a more detailed statement of the facts.

We deem it necessary to consider only the two following assignments of error; first, that the verdict of the jury was contrary to the evidence; second, the action of the trial court in giving and refusing to give certain instructions. The assignments will be discussed in the order stated.

It is admitted in this case that judgment was duly entered; that a writ of execution issued out of the probate court; that said writ was delivered to the respondent, Graham, as constable of said precinct, and that he levied upon certain personal property alleged to have been the property of the judgment debtor; that the property was claimed by a third party, whereupon an indemnity bond was demanded, furnished, accepted and filed with the probate court; that the property was advertised for sale; and that the execution was returned unsatisfied. Under these facts, in our opinion, the appellant was entitled to recover judgment against the constable, Graham, and his sureties.

Sec. 4478, Rev. Codes, as amended by the Sess. Laws 1913, p. 308, provides:

"If the property levied upon be claimed by a third party as his property by a written claim . . . . and stating the grounds of such title, and served upon the sheriff, the sheriff is not bound to keep the property, unless the plaintiff, or the person in whose favor the writ of execution runs, on demand, indemnify the sheriff against such claim by an undertaking by at least two good and sufficient sureties."

As was stated in substance in the former opinion in this case: This statute was enacted for the purpose of meeting the kind of a situation which arose in this transaction. Where the officer entertains doubt as to the title to the property or the right of the third person who claims it, he may call a jury of his own selection. If the jury returns a verdict that the property belongs to the third party claimant, then the statute is explicit to the effect that the officer "may re-

linquish the levy, unless the judgment creditor give him a sufficient indemnity for proceeding thereon.'' After the jury has decided against the title of the execution debtor, the respondent may refuse to proceed a step further with the execution of the writ unless he receives a satisfactory indemnity bond from the execution creditor. When that bond is given the sheriff no longer has any discretion, he must proceed and sell the property, for the reason that he has received security sufficient to cover all damages which may be recovered against him in the event the third party claimant is able to establish his title to the property, in a judicial proceeding and obtain a judgment in damages for conversion of the property. (*Smith v. Graham, supra.*)

In the case of *Corson v. Hunt,* 14 Pa. St. 510, 53 Am. Dec. 568, the court said:

''It is in full proof that an execution was put into the hands of the defendant, who was a constable, by the justice, and that a short time afterwards he said he had levied, but that some person had claimed the property. A bond of indemnity was then given to him, at his request, which he accepted, expressing himself satisfied therewith. Notwithstanding which, the constable made the following false return: 'Returned for want of sufficient indemnification.' . . . . He was bound to proceed to sell the goods levied upon in satisfaction of the debt, and his neglect or omission to do so rendered him responsible to the plaintiffs for the amount of the execution, . . . . but having demanded and accepted indemnity, . . . . he is compelled on his part to proceed to a sale of the goods, and must look to his bond for indemnity.''

To the same effect are the following authorities: *Adams v. Disston,* 44 N. J. L. 662, *Stone v. Ponter,* 5 Munf. (Va.) 287, *Davis v. Tibbats,* 7 J. J. Marsh. (30 Ky.) 264, 10 R. C. L. 1285, and Murfree on Sheriffs, par. 614.

We think the general rule to be that under a statute such as we have in this state (sec. 4478, Rev. Codes, as amended by the Sess. Laws 1913, p. 308), after an execution issued upon a valid judgment is delivered to a sheriff or constable it is his duty to proceed and levy upon sufficient of the prop-

erty of the judgment debtor to satisfy the judgment, and if the property so levied upon be claimed by a third party he may refuse to proceed further and demand a bond of indemnity; and if this is furnished by the judgment creditor and accepted by the officer it then becomes his duty to sell the same, unless enjoined by a court of competent jurisdiction, and he cannot justify his refusal to sell such property by showing that it did not belong to the judgment debtor or was not subject to levy.

All of the material facts alleged in the plaintiff's complaint are admitted by the answer, and are supported by the undisputed evidence in the case. We have examined the instructions given by the trial judge, and without discussing them separately, will say that many of them are erroneous as well as misleading and only tended to confuse the minds of the jury. The learned trial court proceeded upon the erroneous theory that the question of exemption of the property levied upon was involved, although it clearly appeared that the judgment debtor made no such claim. It further appears that the question of the solvency of the judgment debtor was made an issue upon the trial, which was also wholly immaterial. The judgment of the court is reversed and the cause remanded with instructions to the trial court to enter judgment in favor of the appellant and against respondents, as prayed for in plaintiff's complaint. Costs awarded to appellant.

Morgan and Rice, JJ., concur.