'(June 2, 1924.)

## C. E. LLOYD, Respondent, v. PARLEY ANDERSON, J. P. ANDERSON, CHESTER ANDERSON and A. S. ANDERSON, Appellants.

[227 Pac. 32.]

APPEAL AND ERROR—REVIEW—INSTRUCTIONS—VENDOR AND PURCHASER —CONTRACT FOR SALE OF REAL PROPERTY—BREACH BY VENDEE— RECOVERY OF DEFERRED PAYMENTS—RESCISSION AGREEMENT.

1. The giving of an instruction upon a question not made an issue by the pleadings and concerning which there is no substantial evidence, together with the failure to give an instruction upon material issues in support of which substantial evidence is admitted, constitutes reversible error.

2. A vendor in an executory contract for the sale of land, who retakes possession of the property because of a breach of the contract for a failure to make the payments therein provided for, cannot thereafter recover on a note given for a deferred payment, in the absence of evidence that he repossessed the property in pursuance of an agreement that the note would be paid.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action on promissory note. Judgment for plaintiff. *Reversed.*

Peterson & Coffin and C. H. Darling, for Appellant.

The verdict and the judgment are contrary to the law and the evidence. (*Ward v. Warren*, 44 Or. 102, 74 Pac. 482; *Roney v. Halvorsen Co.*, 29 N. D. 13, 149 N. W. 688; *Croup v. Humboldt Quartz & Placer Min. Co.*, 87 Wash. 248, 151 Pac. 493; *Mays v. Sanders* (Tex. Civ.), 36 S. W. 108; *Steiner v. Baker*, 111 Ala. 374, 19 So. 976; *Waite v. Stanley*, 88 Vt. 407, 92 Atl. 633, L. R. A. 1916C, 886, and note p. 897; *Kunz v. Whitney*, 167 Wis. 446, 167 N. W. 747; *Security State Bank v. Krach*, 36 N. D. 115, 161 N. W. 568.)

Budge & Merrill, for Respondent.

Where there is some evidence to support the verdict of the jury, the judgment will not be reversed. (*Lott v. Oregon Short Line*, 23 Ida. 324, 130 Pac. 88; *Cox v. Northwestern Stage Co.*, 1 Ida. 376.)

WM. E. LEE, J.—On April 17, 1920, respondent and Parley and Ricy Anderson entered into a contract in writing in which respondent agreed to sell and the Andersons agreed to purchase certain real property in Grace for $27,000. The payment of $500 was admitted by the contract, which provided for a payment of $1,500 on May 1, 1920, $200 on the first day of each month thereafter, $1,000 on November 15, 1920, and $1,000 on November 15th of each year thereafter, until the entire purchase price was paid. It was further provided that in case the Andersons failed to comply with the terms of the contract, respondent could "take possession of the said property and hold all payments made by second parties as rental and liquidated damages," or "declare the entire sum due and payable and proceed to collect the entire remaining payments." The contract contained also the following:

" . . . . Second parties, at any time that they are requested by first parties, will execute and deliver to first parties their promissory notes for any or all deferred payments."

In June, 1920, Parley and Ricy Anderson, at the request of respondent, delivered to him their certain promissory note in the sum of $1,700. Under date of August 10, 1920, the Andersons delivered to respondent their check in the sum of $1,934, which included payment of the note. This check was not paid at the bank because of lack of funds, and on October 5, 1920, Parley Anderson, one of the parties to the contract, together with other persons, delivered to respondent his note in the sum of $1,973, and respondent delivered to appellants the following memorandum:

"Oct. 5, —20.

"Re'd of J. P. Anderson and Sons note for $1973 in return or renewal of note signed by Anderson Bros. in June for $1900.

"C. E. LLOYD and J. A. SMOOT."

On December 21, 1920, respondent commenced his action to recover from appellants on the note given in October. Appellants, in their answer, admitted the execution and delivery of the note, but, as an affirmative defense, they pleaded the contract for the sale of the land, and alleged that the note sued on was delivered to respondent in conformity with the provision of the contract that appellants would execute and deliver their promissory notes for any or all deferred payments upon the request of respondent. They further alleged the provision of the contract hereinbefore quoted, under which two remedies were available to respondent in the event of failure to pay the instalments of the purchase price, and they alleged that respondent elected to retake possession of the premises, and that they were, therefore, not liable for the payment of the note or for any other deferred payments. The cause was tried to the court and a jury. The verdict was for respondent, and judgment was made and entered in his favor. The appeal is from the judgment.

The court refused to give certain instructions requested by appellants, and gave an instruction to the effect that the jury should return a verdict for respondent, irrespective of what the note was taken for, if the property was

taken back by respondent in pursuance of an agreement between the parties that the note would be paid. The refusal to give the requested instructions and the giving of the foregoing instruction are assigned as error.

Appellants make a number of objections to the instruction referred to. They say that any agreement to pay the note at the time the property was taken back would be *nudum pactum* and could not be enforced; that the instruction was further erroneous for the reason that there was no allegation of any agreement at the time the premises were taken back that the note would be paid; and that there was no evidence of such an agreement. Appellants do not cite any authorities in support of, nor do they argue, the first two of their objections. The complaint did not allege any such agreement, and if there is no evidence of the agreement, it was error for the court to give the instruction in question. (*Smith v. Graham,* 30 Ida. 132, 164 Pac. 354; *Gwin v. Gwin,* 5 Ida. 271, 48 Pac. 295; *Johnson v. Fraser,* 2 Ida. 404, 18 Pac. 48; *Henry v. Jones,* 1 Ida. 48. See, also, 14 R. C. L. 784, sec. 50.) Respondent had introduced his note in evidence. Appellants had produced evidence to the effect that the note in question was given as a renewal of another note that had been given at the request of respondent for deferred payments, and that respondent had repossessed the premises. In his rebuttal, respondent testified as to what took place at the time he took possession of the premises, and it is argued by his counsel that this evidence shows an agreement that respondent would repossess the premises and that appellants would pay the note in question. Appellants contend that there is no evidence of any such agreement. If there was no substantial evidence of such an agreement, the court was not justified in instructing the jury upon the question of the effect of such an agreement.

The only evidence that we have been referred to by respondent, and that we have been able to find from a careful examination of the transcript, which in any manner bears

on the question, is the following testimony of respondent given in answer to a question on direct examination:

"The old gentleman. He learned that I was in town and came up from Gentile Valley to see me. I said, 'The boys are not keeping up their contract, and we must, if this garage is occupied by you folks, insist that the payments are kept up.' We talked matters over, and I said, 'There is only one thing for you folks to do as I view it, and that is to pay up this note, and I will assist you all I can by only charging you from the time that you took that building until you delivered it, the interest on the money—on the $27,000, taxes and insurance,' and I said 'If there is any difference I will give you credit for it, but pay up your note and I will give you credit for any difference, and I will take the building back.' That was on the condition that they make this settlement."

On cross-examination, respondent testified as follows:

"After they could not pay their payments and I could see that they couldn't, and I says, 'There is only one thing for you folks to do, and that is to pay this note, or we will have to call it off.' Ricy wanted to know if they could take the building, as he wanted to rent it himself, and I said, 'The building is for rent.'"

From the foregoing, it would appear that respondent made an offer to appellants that he would take back the property and release appellants from all other obligation if they would agree to pay the note, but we are unable to glean from the testimony any statement that the offer was accepted. No evidence having been adduced that the property was taken back by respondent in pursuance of any agreement that appellants would pay the note, the trial court was in error in giving the instruction complained of.

In view of the defense to the action and the evidence on behalf of appellants, having instructed the jury to the effect that, upon the failure to make any of the payments provided for in the contract, there were two remedies open to respondent, either of which he could pursue: First, he could declare the unpaid instalments immediately due and

proceed to collect them; or second, he could repossess the property and retain all payments theretofore made, the trial court should have submitted to the jury, by proper instructions, the questions of whether the note, which was the basis of the action, was given, at respondent's request, for a deferred instalment, and whether respondent exercised the remedy of repossessing himself of the property under the provisions of the contract. If the note was given for a deferred instalment of the purchase price of the property, and respondent repossessed himself of the property because of a breach of the contract to make the payments provided therein, he is not entitled to recover (*Croup v. Humboldt Quartz & Placer Mining* Co., 87 Wash. 248, 151 Pac. 493; *Ward v. Warren,* 44 Or. 102, 74 Pac. 482; *Waite v. Stanley,* 88 Vt. 407, 92 Atl. 633, L. R. A. 1916C, 886, and note; *Security State Bank v. Krach,* 36 N. D. 115, 161 N. W. 568; *Roney v. Halvorsen Co.,* 29 N. D. 13, 149 N. W. 688; *Steiner v. Baker,* 111 Ala. 374, 19 So. 976; *Mays v. Sanders* (Tex. Civ.), 36 S. W. 108), in the absence of evidence of any agreement to pay the note in pursuance of which the property was taken back.

Judgment reversed. Costs to appellants.

McCarthy, C. J., and William A. Lee, J., concur.