(December 20, 1905.)

## WHITMAN v. McCOMAS.

[83 Pac. 604.]

EJECTMENT—ADMISSION AND REJECTION OF EVIDENCE—INSTRUCTIONS.

    1. On the trial of an ejectment case, the court should admit all testimony offered by the plaintiff tending to prove his possession.

    2. No instructions should be given to the jury, except those including the law applicable to the facts of the case as shown by the evidence, and the general principles of law governing the case.

(Syllabus by the court.)

APPEAL from the District Court of Idaho County. Honorable Edgar C. Steele, Judge.

Action in ejectment. Judgment for the defendant. Reversed.

The facts are stated in the opinion.

L. Vineyard and T. H. Bartlett, for Appellant.

The plaintiff had a right to have this notice of possessory claim to the land in dispute introduced and considered by

the jury. (Idaho Rev. Stats. 1887, c. 4, p. 407.) This stat-
ute was borrowed from California, where it has been in force
since 1850. We believe the case of *Coryell v. Cain,* 16 Cal.
567, is distinctly applicable to the present case. The law,
as announced by Judge Field in that case, has never been
reversed, but has been repeatedly affirmed in subsequent
cases for the possession of public lands. The principle laid
down in that case has been affirmed in the case of *Feirbaugh
v. Masterson,* 1 Idaho, 135. The witnessing of a deed to
one's own land, done with knowledge of the real state of the
title, will estop him from setting up against the grantee a
claim to the land. (Bigelow on Estoppel, 4th ed., 553.)
Silence will postpone a title when one should speak out,
when knowing his own right (if he had any) he suffers his
silence to lull him to rest, instead of warning him to danger;
when, to use the language of the books, "silence becomes a
fraud," he will be estopped. (*Donisthorpe v. Fremont etc.
R. R. Co.,* 30 Neb. 142, 27 Am. St. Rep. 387; *Tyson v. Neill,*
8 Idaho, 607, 70 Pac. 790.) Plaintiff, under an allegation
of seisin, may introduce any proof which he may have, show-
ing him to be entitled to the possession. (*Stark v. Burnett,*
15 Cal. 361; *Moon v. Rollins,* 36 Cal. 333, 95 Am. Dec. 181.)
Deeds, etc., may be introduced in evidence to show title or
right of possession. (*Steinfeld v. Ross,* 6 Ariz. 91, 53 Pac. 494,
192; *Partridge v. Shepard,* 71 Cal. 470, 12 Pac. 480; *Milsap
v. Stone,* 2 Colo. 137; *Root v. McFarrin,* 37 Miss. 17, 75 Am.
Dec. 49; *Kitts v. Austin,* 83 Cal. 167, 23 Pac. 290; *Gray v.
Dixon,* 74 Cal. 510, 16 Pac. 305.)

W. N. Scales, for Respondent, cites no authorities on the
point decided.

SULLIVAN, J.—This is an action in ejectment, and in-
volves the right to the possession of the northeast quarter
of the southeast quarter of section 27, township 30 north,
range 4 east, in Idaho county, the same being included in
what is referred to in the record as the W. F. Smith ranch.
United States survey of said land was but recently extended
over it.

The complaint contains the usual allegations of a complaint in ejectment, and judgment for possession is prayed for with damages. The answer is a specific denial of the allegations of the complaint. The cause was tried by the court with a jury, which resulted in a verdict for the defendant, and judgment was entered accordingly. The appeal is from the judgment. Numerous errors are assigned, going to the admission and the rejection of certain testimony, and the rejection and giving of certain instructions to the jury. It appears from the evidence that the appellant and one M. S. McMurry were partners as early as December, 1902, and that such partnership was formed for the purpose of procuring title to certain land, including the land in question, situated in Idaho county, and raising stock thereon. At that time the appellant and said McMurry were residents of the state of Montana. McMurry went into Idaho county, Idaho, for the purpose of procuring a stock ranch for said partnership, and it appears from the evidence that he purchased what is known and referred to in the record as the W. F. Smith ranch, which includes the forty acres in dispute, and took a conveyance of said Smith ranch in his own name and other lands. That some time in the spring of 1903, the respondent, who is the nephew of said McMurry, purchased an adjoining ranch known as the Bowen ranch, and it appears that the appellant and respondent and said McMurry agreed to and did fence a large tract of land consisting of about four hundred and eighty acres, including the W. F. Smith ranch, a part of the Bowen ranch, and other lands.

It appears that Whitman first came to the land in dispute in April, 1903, remained a day or two, returned to Montana, and again returned to Idaho in May, 1903, and remained there until the following October, when he went to Montana and returned to Idaho in April, 1904. Said partnership was dissolved about April, 1904, and under the dissolution agreement, said McMurry conveyed whatever title he had in said W. F. Smith ranch to the appellant. The deed of conveyance is dated the twenty-second day of April, 1904,

and was signed and acknowledged on that date. It was witnessed by the respondent J. B. McComas. Counsel for appellant on the trial offered that deed in evidence, and on objection by counsel for the respondent, the court excluded it. By that deed, McMurry conveyed to appellant all of his right, title and interest of every kind or nature, as stated in the deed, to wit: "In and to my squatter's right and location and possession, on a certain one-fourth section of land, including one hundred and sixty acres of land known as the W. F. Smith ranch, lying in the Clearwater Meadows, which said one hundred and sixty acres of land being bounded on the north and east by Jesse McComas' and on the south by Miss Cora McMurry's place." At the same time, counsel for plaintiff offered a quitclaim deed of the same premises from the said W. F. Smith to the said McMurry. Those deeds were offered for the purpose of laying the foundation to show that plaintiff had deraigned his title to the right of the possession to the land in dispute in this action through them.

We think the court erred in excluding said deeds. The object and purpose of counsel in offering them was to show that whatever title appellant had to the land and his right to possession thereof, he procured through those deeds. That he went into possession under the title deraigned through them. The land was at that time a part of the public domain and had not yet been surveyed and no segregation of it had been made by entering it under any of the land laws of the United States. The relevancy of that evidence is clearly apparent.

McMurry testified as a witness on behalf of the respondent and testified that he had released the forty acres in dispute to the respondent McComas in the spring of 1903, and that he released it by and with the consent of the appellant, while the appellant testified that respondent never released it with appellant's consent, or at all. And the fact that he executed said deed of April 22, 1904, conveying said Smith ranch to the appellant, particularly describing it, and that said deed was witnessed by the defendant McComas, was a circumstance tending to support the evidence of the

appellant. For if the forty acres in dispute which is conceded to be a part of the W. F. Smith ranch had been abandoned and turned over to McComas in March or April, 1903, why did McMurry convey the W. F. Smith ranch to appellant without excluding the forty acres in dispute? And why did the defendant McComas witness said deed of conveyance about a year after he claims to have taken possession of the disputed forty acre tract as his own? It seems to us that this is a strong circumstance supporting the testimony of the appellant, and is a circumstance that the appellant had a right to have placed before the jury.

There is a conflict in the evidence in this case, and if the fact that McMurry conveyed the Smith ranch to the appellant more than a year after he claimed to have turned the forty in dispute over to the defendant, and the deed witnessed by defendant had been presented to the jury, we are not able to say that their verdict would have been in favor of the defendant.

Counsel for respondent states in his brief that the deed from McMurry to the appellant, which was offered in evidence by the appellant was rejected by the court as incompetent and irrelevant, but regardless of that fact he consented that it should be introduced in evidence, or that he himself introduced it, and that it was read to the jury; that plaintiff's said exhibit "B" is the same as Defendant's Exhibit "3," folio 253 of the transcript. It appears that the counsel has gotten the exhibits mixed in his mind, as Plaintiff's Exhibit "B" was a quitclaim deed from W. F. Smith to one M. S. McMurry. Defendant's Exhibit "A" was a quitclaim deed from said McMurry to the appellant, and the only indication we have in the transcript that the defendant ever offered a paper marked Defendant's Exhibit "3" is that the transcript contained the quitclaim deed from McMurry to the appellant under the caption of Defendant's Exhibit "3." We have carefully searched the transcript to find whether Plaintiff's Exhibit "A" was ever introduced in evidence, or that the defendant ever introduced said exhibit as his Exhibit "3," and have failed to

find that defendant ever introduced said exhibit. However, said quitclaim deed from McMurry to the appellant was ruled out by the court, when offered by counsel for the appellant, on the objection of counsel for the respondent, as irrelevant, incompetent and immaterial, and the record does not show that it was ever offered by the plaintiff or admitted in evidence on behalf of the respondent. After that deed had been rejected by the court in the presence of the jury as incompetent, irrelevant and immaterial, and thus discredited, the introduction of it by the defendant would not cure the error made by the ruling of the court in the presence of the jury. The respondent had a right to prove his case in an orderly way, and not by the grace of respondent's counsel. That evidence had been condemned by the court, held immaterial and rejected. Under that state of facts, it would not be fair to the appellant to permit counsel for the respondent to say to the jury, although this evidence is incompetent and has been rejected by the court as irrelevant, I will introduce it. Under those circumstances, the jury would pay no attention to the evidence whatever. Errors of this kind cannot be cured in that way.

The record shows that the appellant furnished the money to McMurry with which he bought said W. F. Smith ranch, and if the testimony of the plaintiff be true, McMurry is attempting to perpetrate a fraud upon his former partner by testifying that he had turned said forty acres over to his nephew about a year prior to the time of the dissolution of the partnership, and prior to his conveying it by deed to his former partner, the appellant. It was error for the court to exclude the testimony of plaintiff to the effect that he entered into possession of the land in dispute under and by virtue of said deeds of conveyance. While it is true that the evidence was not sufficient to show that the plaintiff had remained in possession of the land in dispute as late as the fall of 1904, when he was forcibly driven from it with a gun by the respondent, there is evidence to show that he went into the possession of the said premises lawfully, and then it devolved upon him to show that he continued in posses-

sion thereof. The disallowance of this evidence no doubt prejudiced the plaintiff's case and perhaps misled the jury, and it was error for the court to reject it.

Counsel for appellant offered in evidence the notice and claim of a possessory· right dated November 4, 1904, made under the statutes of this state, and on objection of counsel for the defendant, the court excluded it. This action of the court is assigned as error. It is alleged in the complaint that on the third day of November, 1904, the plaintiff was lawfully possessed of said tract of land, and that the defendant about 2 o'clock P. M. of that day, entered into the possession of the said premises and ousted the plaintiff. As the appellant thus admits that he was ousted from said premises on the third day of November, 1904, a claim of possessory right made and filed on November 4, 1904, would not be competent evidence in the case. The court did not err in rejecting that notice.

Over the objection of counsel for the appellant, the court allowed the respondent to testify to conversations between himself and McMurry relative to McMurry allowing the defendant to take possession of the disputed forty, which conversations were not in the presence of the appellant. This was clearly error, for no conversations between the defendant and McMurry not had in the presence of the appellant could bind the appellant. The court erred in admitting such conversation.

McMurry testified that he released the forty in dispute to the respondent in February or March, 1903, and that he notified his partner Whitman, by letter, of that fact. We have in the record said letter from McMurry to Whitman dated March 2, 1903, in which he says, among other things: "He [referring to defendant] wants us to let him have the forty that joins him on the west and we take the forty I spoke about on the plat, if he could get it that way, he would take it, and I would rather see him get it than someone else, but I told him that I couldn't make a trade of that kind at present, but I told him I would let him claim that forty and I would claim the other and then when we got our deeds

we could transfer, you see he can't take the other forty for it doesn't join his place." This excerpt from that letter clearly indicates what McMurry had in mind at that time, and it was not that he would release this forty to his nephew but "would let him claim that forty," and after getting title from the government, they would transfer to each other; McComas the tract in dispute to McMurry, and McMurry the Camas forty to McComas.

The giving of certain instructions are assigned as error. That part of the instructions commencing at folio 312 as follows: "And if the said McMurry and the said McComas agreed, etc." to and including that part of folio 316, ending with these words, to wit: "In the actual possession of the land in dispute," is clearly erroneous under the facts of this case, as the evidence clearly shows that McMurry notified McComas that Whitman was interested in that land with him, and that he could not make the change without Whitman's consent.

The refusal to give the requests of the plaintiff numbered 2, 3, 4 and 5 is assigned as error. They each refer to and are applicable to the evidence, and it was error for the court to refuse them. Much stress is laid by counsel for the appellant upon the fact that the respondent had done certain plowing and cut certain hay on the land in dispute. The testimony of the appellant tends to show that that was one done under an arrangement and an agreement with the respondent, whereby he was to have the grain raised on the plowed land and the hay cut thereon was simply an exchange of hay, and the fifth request above referred to applied to that state of facts and was the law applicable thereto. The judgment is reversed, and a new trial granted. Costs of this appeal are awarded to the appellant.

Stockslager, C. J., and Ailshie, J., concur.