# Conway et al., Appellants, *v.* Philadelphia Gas Works Company.

Argued May 16, 1939.   Before MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Frank Simons,* of *Bender, Rubin & Simons,* for appellants.

*Arthur Littleton,* with him *Morgan, Lewis & Bockius,* for appellee.

OPINION BY MR. JUSTICE BARNES, July 3, 1939:

This is an action to recover damages for injuries sustained by the minor plaintiff while engaged in lighting an automatic gas heater in the cellar of his home.

It appears from the evidence that the plaintiffs had occupied the premises 4048 Castor Avenue, in the city of Philadelphia, since March, 1935.   At the time they moved into the property there was already installed in the cellar a gas hot water heater, in which a small

pilot light burned continuously. The defendant furnished gas to the premises, but it neither sold nor installed the water heater here in question.

The heater was used by plaintiffs from March until October, 1935, when it was turned off as hot water for domestic purposes during the winter months was supplied by the furnace. Early in May, 1936, it was re-lighted and appears to have functioned properly for several days, when the mother of plaintiff, upon going to the cellar, noticed an odor of gas, and found that the pilot light was extinguished. She turned off the pet cock of the heater controlling the supply of gas thereto, and at her direction the defendant was notified by telephone that "there was a difficulty with the water heater" and "to send someone over to fix it." According to plaintiffs, it was promised that a repairman would be sent to their house, but defendant failed to do so. A second notice to the same effect was given to defendant about a week later, with no better result. In the meantime plaintiffs continued to use the heater daily, turning on the gas and lighting it with a taper whenever hot water was required. Plaintiffs testified that during a part of this time they noticed a faint odor of gas in the cellar.

On May 30, 1936, the minor plaintiff, then seventeen years of age, attempted to light the heater with a wax taper. He testified that when he went into the cellar he saw that the pet cock was in the "off" position, but he was unable to detect any escaping gas; that he inserted the taper into the opening of the heater before turning on the gas. Immediately there was an explosion, the force of which knocked him backward to the floor. The heater itself was not damaged, nor was any other property affected. Serious burns about the face and head, and injuries to the minor plaintiff's eyes resulted from the accident.

Plaintiffs assert that the failure of defendant to inspect and repair the heater after notice of its defective

condition, or to shut off the supply of gas thereto constituted negligence. At the conclusion of their testimony the court below granted defendant's motion for a compulsory nonsuit, which it subsequently refused to take off. Plaintiffs have appealed from the judgment accordingly entered. The question, therefore, is whether there was sufficient evidence of negligence to require the submission of the case to the jury.

While a gas company is under a duty to exercise the highest degree of care in supplying the product to its customers, there can be no recovery in a case of this character unless there is clearly established some act of negligence on its part which results in injury to plaintiff. This is the rule of our cases, and has often been repeated. In *Greed v. Manufacturers' Light & Heat Co.*, 238 Pa. 248, we said (p. 251) : "In a case like this negligence is never presumed from the mere happening of the accident. He who alleges it must affirmatively prove it, or point to such circumstances as naturally and reasonably lead to the conclusion of carelessness on the part of the accused as the proximate cause of the occurrence which resulted in the injuries complained of." Recently, in *Hanley v. Peoples Nat. Gas Co.*, 325 Pa. 6, the rule was stated in these words (p. 11) : "In order to recover plaintiff must produce competent evidence to show wherein defendant failed in its duty to plaintiff, and further that the breach of that duty was the cause of plaintiff's loss."

When we review the record in the present case and apply this rule, it becomes apparent that the charge of negligence is not sustained by the evidence. The burden rested upon plaintiffs not only to prove that there was a defective condition of the heater for the repair of which the defendant was responsible, but further that there was a gas leak in the premises, notice of which was given to defendant, so that it then became its duty to shut off the gas. Here the gas heater was not owned or in any sense in the control of the

defendant; it had not been sold or installed in the premises by defendant; there was no duty resting upon the company to inspect or keep the heater in good order and condition,—that responsibility was upon the plaintiffs who were in exclusive possession of the premises and of the apparatus in question: *Windish v. Peoples Nat. Gas Co.*, 248 Pa. 236; *Pouder v. Peoples Nat. Gas Co.*, 248 Pa. 242; *Hanley v. Peoples Nat. Gas Co.*, supra; *Heller v. Equitable Gas Co.*, 333 Pa. 433. There is no evidence in the present case that the defendant actually undertook the work of repair and neglected to do it properly. On the contrary, plaintiffs seek to impose liability upon defendant because it failed to make any effort to repair an alleged defective condition of the heater after promising to attend to the work.

However, plaintiffs failed to establish or identify any defect in the heater. The only evidence in this regard is that the automatic arrangement governing the pilot light ceased to work. But the fact is clear that for a period of two weeks from the time the pilot light was found to be extinguished to the date of the accident, plaintiffs used the heater every day by lighting it manually each time, and turning off the pet cock when a supply of hot water had been obtained. During this period, while the pilot light was not in use, there was no other defect or difficulty whatsoever in the operation of the heater, and from it there was no escape of gas.

While there is some testimony that there was an odor of gas in the cellar following the failure of the pilot light to operate, it is significant that during the week immediately preceding the accident there was no odor or leakage of gas according to the testimony. The minor plaintiff stated that when he attempted to light the heater, there was no odor of gas. It seems clear to us, reading the testimony, that plaintiffs failed to establish the essential fact that there was a leakage of gas from the heater. This, as the court below pointed out, is the fundamental weakness of plaintiffs' case. It said: "They

seek to establish liability for failure to repair a leak in the hot water heater but they offer no evidence that gas ever leaked after the family began to operate the heater manually or was leaking at the time of the accident and the minor plaintiff's testimony is only consistent with the theory that it was not; for he says the cock was turned off and there was no smell of gas."

If from the record it appeared that notice had been brought home to the defendant that there was a leakage of gas in the premises occupied by plaintiffs, then unquestionably it would have been its duty to see that the supply of gas into the house was shut off until the necessary repairs were made, but the evidence upon the subject of notice is vague and unsatisfactory. At least it does not measure up to the requirement of putting the company upon notice of such a dangerous condition that it became its duty to shut off the gas supply until repairs were made, and for a failure to do so it became liable to plaintiffs. We have viewed the evidence in the light most favorable to plaintiffs, as we are required to do upon an appeal from a refusal to take off a nonsuit. Our conclusion is that the testimony before us is not sufficient to establish such negligence on the part of defendant as would support a verdict in favor of plaintiffs.

In view thereof the court below was justified in directing a nonsuit. We feel that it is not necessary to discuss the remaining questions which have been raised.

Judgment affirmed.