(No. 7224. December 18, 1944.)

N. B. DOXSTATER and LUCILLE DOXSTATER, his wife, Respondents, v. NORTHWEST CITIES GAS COMPANY, a corporation, Appellant.

(154 P. (2d) 498.)

Rehearing Denied January 15, 1945.

816

Cox, Ware & Stellmon for appellant.

John L. Phillips and J. H. Felton for respondents.

DUNLAP, J.—At about 1 a. m., on the morning of April 29th, 1941, respondent N. B. Doxstater who, with his wife Lucille Doxstater, also a respondent herein, for some months prior thereto had occupied as tenants a certain small residence in Lewiston, Idaho, located at 807 Third Street, attempted with a lighted match to ignite a gas water heater in the basement of said premises. A terrific explosion followed, resulting in great damage to the residence; respondents sustained burns and other personal injuries, and damage to their household furniture and personal effects.

The heater, as well as the other gas burning equipment installed in the premises, was supplied with butane air gas by appellant, Northwest Cities Gas Company, a corporation, a public utility, operating in this state, and hereinafter referred to as the "company," and was the property of Mrs. August Axelson, mother of respondent Lucille Doxstater, and owner of the premises, and had been installed therein at her request by another gas company (not the appellant company) about 1928. The heater had been originally installed in a small basement directly beneath the residence, and was there located at the time of the explosion.

The appellant company was organized in 1929, and com-

menced operating in Lewiston subsequent to that time under a franchise granted October 24, 1921.

Gas had been supplied to these premises since about 1928 to the time of the trial, first by another company and subsequently by appellant company after it began operations.

Prior to 1939 the premises were supplied with what is known as water gas, manufactured in Lewiston, and in 1939 appellant company discontinued supplying water gas, and substituted in lieu thereof, butane air gas.

On the 15th day of January, 1938, in the District Court of the United States for the Eastern District of the State of Washington, Southern Division, appellant was by order of said court adjudged insolvent and the court approved the petition of appellant for its reorganization under Sec. 77B of the Federal Bankruptcy Act. Subsequently, a plan of reorganization was filed, and on June 30, 1943, the court made its order confirming said plan, and among other things therein, ordered that said plan of reorganization and its provisions were binding upon the appellant, and upon its creditors and stockholders whether or not they were affected by the plan or had accepted it or had filed proof of their claims and interest, and whether or not their claims or interest had been accepted or allowed, or are allowable.

The complaint charges the defendant with gross negligence, in certain specific particulars, to-wit:

(1) The failure before change in the character of the gas to give sufficient warning or notice to its customers of the nature of the change, and that the new gas would be less noticeable by its odor, had no color, was heavier than air, and would if permitted to escape in the home and buildings supplied, settle to the lowest portions thereof, and exclude the air therefrom, thus affecting a concentration of gas which would be more liable to explode if exposed to open flame.

(2) Failure to give proper and sufficient instructions to its customers, and to plaintiffs, of the added danger in the use of the new gas supplied to plaintiffs, on the date of the accident "over coal gas formerly supplied, and of its lack of physical characteristics, such as would be afforded by the use of coal gas, giving warning of the escape of leaks in dangerous quantities."

(3) Failure of the new gas supplied on the date of the accident, to contain odorant sufficient to warn plaintiffs of danger.

(4) "That the connecting pipes between the water heater and the said service pipes of the defendant, and the valves of said water heater and said meter and its connections, on said date, and prior thereto, were in a condition of gross, careless and negligent disrepair, which was known to the defendant, or which should have been known to it, and that the same permitted gas to leak and escape into said basement, and that the same was the proximate cause of said explosion and its ensuing injury and damage to plaintiffs."

The verdict of the jury awarded respondents damages in the sum of $12,725.00; judgment was entered thereon, and the appeal is from the judgment, and the order of the court denying appellant's motion for judgment notwithstanding the verdict.

Many assignments of error are alleged, and we discuss only those which we deem pertinent to the conclusions herein reached.

█ (1) Appellant, by demurrer and answer, pleads the provisions of Sec. 5-219, I. C. A., subd. 4, as a bar to the action and assigns as error the action of the court in overruling its demurrer on the ground that the action was thus barred.

The complaint was filed September 30, 1943, and it is alleged therein, that an exact copy of said complaint was filed in the said District Court on April 28, 1943; that appellant had objected especially in that action to the jurisdiction of the trial court on the ground that the action alleged therein was barred by an injunction against the commencement thereof, or of any other action, made in conformity with Sec. 77B of the Bankruptcy Act which had been in force since January 15, 1938, and issued out of the District Court of the United States for the Eastern District of Washington, Southern Division. Further, that said court in a proceeding by plaintiffs herein, had ruled that the commencement of that action was so barred and enjoined by its decree, but that said court had entered an order permitting the filing of this action and the liquidation of this claim by the court herein, and that this action was brought

in conformity with the order of the United States District Court.

The action was not barred, and the court did not err in its order overruling the demurrer. Sec. 5-234, I. C. A., provides: "When the commencement of an action is stayed by injunction or statutory prohibition the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

■ (2) The court's order overruling the demurrer to the complaint is also alleged as error on the ground that the complaint on its face shows no cause of action against appellant individually, and that if any cause of action existed at all against appellant it would be against it as trustee and debtor in possession and not individually. And, in this connection, error is also alleged on the court's ruling refusing to grant appellant's motion for judgment notwithstanding verdict, on the ground that the proceedings and files in the first action were before the court as Plaintiff's Exhibit 13, showing a dismissal thereof without prejudice, upon respondents' motion, and that appellant's final decree of discharge in the bankruptcy proceeding was before the court as Appellant's Exhibit No. 7. The court did not err in its ruling on the demurrer for this reason, as the complaint in fact charges the company with negligence in its individual capacity and is not susceptible to the construction contended for.

Neither did the court err in overruling the motion for judgment notwithstanding the verdict on these stated grounds. While it is true the first district court action was dismissed without prejudice on respondents' motion, it appears the motion and order of dismissal based thereon, came after appellant's special appearance therein, setting up the bankruptcy proceeding, including the order of the Federal Court enjoining all actions and proceedings against the bankrupt.

■ In support of this argument, appellant urges that the final decree in the bankruptcy proceedings, dated November 23, 1943, discharged the debtor from all claims, debts and liabilities, including the claim involved here, in accordance with the provisions of the plan of reorganization and the order of confirmation thereof, and terminated and closed said proceedings; and that as no claim for damages because of the alleged tort had been filed in the bankruptcy

proceedings prior to the bankruptcy discharge, that the present action should have been dismissed on its motion.

The proceedings in the Federal Court would indicate there was no general discharge of debts, and that debts were only discharged in accordance with the plan of reorganization including the cancellation and retirement of certain capital stock of the debtor, cancellation of inter-company indebtedness, due to a certain creditor, and modification of certain rights of existing bond holders, and in the order confirming the plan of reorganization, it is provided that, "no creditors of the debtor shall be affected by the plan, except as specifically provided therein."

As a matter of fact, it appears from the bankruptcy proceedings, the appellant was discharged from liabilities only as to certain specific indebtedness, which does not include the claim under consideration here, and in addition thereto, the Federal Court, having jurisdiction of the bankruptcy proceedings, specifically authorized this action by its "Order removing stay and granting permission to liquidate claims against debtor by jury trial in the District Court of the Tenth Judicial District of the State of Idaho, in and for the county of Nez Perce," dated September 14, 1943, and made it clear in said order that a judgment against appellant herein would not adversely affect the reorganization plan, for the reason that in the bankruptcy proceedings, respondents here stipulated and agreed that in the event of a judgment in this action in their favor, recovery should be limited to insurance carried by appellant, and was not to be satisfied out of any assets of the appellant.

The same principle under a similar set of facts, was involved in the case of *Van Heukelom v. Black Hawk Hotels Corp.*, 222 Iowa 1033, 270 N. W. 16, wherein the court said: "In view of the stipulation filed in the bankruptcy proceedings of defendant company, and the order entered therein, it is obvious that suggested objections no longer exist because of the stipulation and order entered in the bankruptcy proceedings releasing the estate from all claims based upon any judgment which might be entered in the state court."

And, in this connection the Iowa Court quoted in part from the opinion of the United States Supreme Court in the case of *Foust v. Munson Steamship Lines*, 229 U. S. 77,

47 C. C. A. 90, 81 L. Ed., 49, as follows: "The reorganization proceedings are not inherently inconsistent with jury trial for the liquidation of such claims. Unless satisfactorily shown that the prosecution of petitioner's action would embarrass the administration of the debtor's estate, the district court should have granted leave."

■ (3) Error is assigned in the court's ruling refusing to admit appellant's rejected Exhibit No. 3, which is a statement in writing purported to have been signed by respondent N. B. Doxstater at Lewiston, Idaho, on May 27, 1941. It was claimed respondent's signature to this statement was in the form of an "X" thereon, made by him. It was witnessed by one M. D. Turner and one A. Johnson, a registered nurse who was in attendance upon respondent at the date of the instrument. Respondent denied that the "X" purported to be his signature, was made by him. Mrs. Johnson testified that she had signed the statement as a witness, but could not testify that Mr. Doxstater had placed an "X" upon the statement; she was under the impression that he had, but she was not sure. Mr. Turner was not produced as a witness.

The court sustained an objection to the admission of the exhibit on the ground that it had not been properly identified. We do not think this ruling was error. The proof failed to meet the specifications provided by Secs. 16-405, 16-406 or 16-407, I. C. A.

■ (4) Appellant offered in the evidence defendant's Exhibit No. 1, the same being an application of Lucille Doxstater for gas service on September 14, 1936 and at a place not involved in the explosion, and also offered in the evidence defendant's Exhibit No. 8, being a pamphlet issued by appellant containing its rules and regulations covering services, issued March 25, 1939 and effective April 25, 1939; the court refused to admit either of these exhibits and these rulings are assigned as error.

Appellant admits in its brief that while no gas may have been supplied respondents under these exhibits, yet it argues, and we think erroneously, that they were competent to prove that respondent Lucille Doxstater knew of the respective duties and obligations existing between appellant and its customers relative to gas service and the limitations of appellant's duties regarding inspection of customers' pipes and appliances, and the limits of appellant's property under such conditions as shown to exist in this case.

We do not think the trial court erred in excluding these exhibits. As stated by the trial court, in the course of the trial, the matter of the company's custom with respect to inspections was not within the pleadings, and such evidence would therefore, not be competent. The issues involved here, were whether or not an accident had occurred, and if so, what caused it, and whether or not it was due to appellant's negligence. Appellant's proffered rules and regulations were not material on these issues, and the exclusion of these exhibits were not prejudicial.

(5) At the close of plaintiff's case, appellant moved for nonsuit and renewed this motion at the close of all the evidence. In both instances, the motions were denied, and this is assigned as error. The motion for nonsuit was based on a number of propositions, which, briefly stated, are as follows: That plaintiffs had failed to show from where or how the gas that was present in the basement of their home on said date, came; that they had failed to prove the existence of any gas leak from any source of equipment owned or controlled by defendant, and failed to prove or show that the same escaped from any leaks from the customer's pipes and appliances, other than proving a defective, manually operated valve on the water heater, and that they failed to prove any duty or obligation on the part of the defendant to inspect, repair or in any manner control said defective device, and that plaintiffs failed to prove negligence or some act or omission on the part of the defendant which was the proximate cause of the injuries and damage sustained by plaintiffs.

After a painstaking and thoughtful examination of the entire evidence, and the law in relation thereto, we are convinced that all of the grounds specified in the motion as the basis thereof, except the last one above stated, are meritorious.

It is well established that in negligence actions, the burden is upon a plaintiff to prove, by a preponderance of the evidence, negligence of the defendant in the performance of some duty owing to plaintiff as charged in the complaint, and that such negligence caused the injury and damage to plaintiff in the manner charged therein (45 C. J. 1162, Sec. 749; 38 Am. Jur., pp. 974, 975, sec. 285), and this rule is applicable in actions against gas companies for injuries alleged to be caused by escaping gas, it being the duty of the plaintiff to prove the gas company

failed to exercise the proper degree of care to prevent the
escape of gas or to remedy the defect after notice thereof.
(25 A. L. R. 285; *Union Inv. Co. v. San Francisco Gas &
Electric Co.*, 168 Cal. 59, 141 P. 807; *Raftery v. Kansas City
Gas Co.*, (Mo.) 169 S. W. (2d) 105; *Morrow v. Otis et al.*,
251 Mass. 65, 146 N. E. 363; *Winsish et al v. Peoples Nat-
ural Gas Co.*, 248 Pa. 236, 93 Atl. 1003; *Okmulgee Gas Co.
v. Kelley*, 105 Okla. 189, 232 P. 428; *St. Marys Gas Co. v.
Brodbeck*, 114 Ohio 423, 151 N. E. 323; *Bell v. Huntington
Development and Gas Co.*, 166 W. Va. 155, 145 S. E. 165;
*Streck v. St. Louis County Gas Co.*, (Mo.) 58 S. W. (2d)
487; *Brown v. St. Louis County Gas Co.*, (Mo.) 131 S. W.
(2d) 354; *Conway v. Philadelphia Gas Works Co.*, 336 Pa.
11, 7 Atl. (2d) 326.)

On the question of the source or particular piece of
equipment or connection from which the gas which caused
the explosion came, there is no evidence to prove that it
came from the pipes or equipment owned and controlled by
appellant. It is clear, however, that the valve on the water
heater which respondent N. B. Doxstater attempted to ig-
nite at the time of the explosion was defective. This defect
was known to Mr. Doxstater to exist for some time prior
to and at the time of the explosion, but he made no report
thereof to the company, and never asked it to make any re-
pairs; and there is no evidence to show that the company
had any knowledge as to this defect in this equipment prior
to the time of the explosion.

The evidence shows that this heater was not under the
control of, nor installed by appellant, but had been placed
in the premises by another gas company prior to the time of
appellant's organization, and there is no allegation that the
heater was in an unsafe place or unsafe for the use of bu-
tane gas. All the gas fixtures and pipes on the premises
which belonged to and were the property of the company
and under its control, were proven to have been in good
order and working condition.

In view of the highly dangerous character of gas,
and its tendency to escape, it is a well established rule that
a gas company is required to exercise a degree of care to
prevent the escape of gas from its pipes, commensurate to
the danger which it is its duty to avoid, and that if it fails
to exercise this degree of care, and injury results there-
from, the company is liable if the person injured, either

in person or property, is free from contributory negligence. (*Ray v. Pacific Gas & Electric Co.*, 3 Cal. App. (2d) 329, 39 P. (2d) 812; *Miller v. Wichita Gas Co.*, 139 Kan. 729, 33 P. (2d) 130; *Moran Junior College v. Standard Oil Co. of Calif.*, 184 Wash. 543, 52 P. (2d) 342; *Mississippi Public Service Co. v. Cunningham*, 189 Miss. 179, 195 So. 472, 8 C. C. A. (N. S.) 356; *Kendall v. Peoples Gas and Fuel Co.*, (La.) 158 So. 254, 25 A. L. R. 262, 29 A. L. R. 1250, 47 A. L. R. 488, 90 A. L. R. 1082; *Barbeau v. Buzzards Bay Gas Co.*, 308 Mass. 245, 31 N. E. (2d) 522; *Fonda v. Northwestern Public Service Co.*, 134 Neb. 430, 278 N. E. 826; *Laughlin v. New York Power and Light Corp.*, 23 N. Y. S. (2d) 292, Affirmed 261 App. Div. 1107, 27 N. Y. S. (2d) 87; *Nashville Gas and Heating Co. v. Phillips*, 17 Tenn. App., 648, 69 S. W. (2d) 914.)

 But, while a distributor of gas must exercise a high degree of care to see that no person is harmed in its distribution and while under its control, such responsibility is limited to the time the gas is in the company's own pipes, or containers, unless it has been allowed to escape, or having escaped, has created a dangerous hazard, known or which should have been known to a distributor, who has neglected to remedy the condition. (*Ray v. Pacific Gas and Electric Co.*, 3 Cal. App. 329, 39 P. (2d) 812, supra; *Scarborough v. Central Arizona Light & Power Co.*, 58 Ariz. 51, 117 P. (2d) 487; 138 A. L. R. 866; *Conway v. Philadelphia Gas Works Co.*, 336 Pa. 11, 7 Atl. (2d) 326, supra; *Kelley v. Public Service Co. of Northern Illinois*, 300 Ill. 354, 21 N. E. (2d) 43; *Miller v. Gas Service Co.*, 155 Kan. 829, 130 P. (2d) 547; 24 Am. Jur. 687, 686, Ann., 138 A. L. R. 833.)

In the case of *Kelley v. Public Service Co. of Northern Illinois*, 300 Ill. App. 354, 21 N. E. (2d) 43, supra, the court, after stating that the question of knowledge and liability in that case was governed by similar rules of law as in suits against gas companies, said: "Generally speaking a gas company which does not own the pipes and appliances in a customer's building, and which exercises no control over them, but merely furnishes gas to be used therein, is not responsible for the condition in which such pipes and appliances are maintained, and consequently is not liable for injuries caused by a leak or defect therein, of which such company has no knowledge. (*Middleton v.*

*DeKalb,* 168 Ill. App. 353.) It is generally considered that unless the company has actual notice or knowledge of escaping gas, or is in possession of facts sufficient to put it upon notice thereof, the company cannot be deemed liable, though it may continue to furnish gas to such defective pipes and appliances. The owner or occupant of the premises is obliged to keep the pipe lines and equipment in repair or notify the company of their defective condition, otherwise the company is not liable for negligence. (*Reid v. Westchester Lighting Co.,* 236 N. Y. 322, 140 N. E. 712, 29 A. L. R. 1247.)"

 Under the evidence in this case, it is clear the gas company is not chargeable with the defective condition of the water heater.

 However, the allegations in the complaint, and the evidence in respect thereto, on the question of the company's negligence by reason of the alleged insufficiency of odorant in the gas must be considered in connection with this motion for nonsuit, which admitted the truth of plaintiff's evidence, and every inference of fact which may be legitimately drawn therefrom. (*Stearns v. Graves,* 62 Ida. 312, 111 P. (2d) 882.)

Appellant produced much persuasive evidence which of itself and without consideration of the evidence on that point hereinafter referred to, would leave no doubt that it had complied with its duty in this respect. Its own witnesses testified and admitted however, that the test of an odorant is whether or not it can be smelled, and that without the odorant you can't smell the gas, and that the odorant was added for the purpose of making it less dangerous, and that it was the accepted practice to add sufficient of the odorant to the gas so that quantities one-fifth sufficient to cause an explosion should be readily perceptible to the ordinary human nose. And, respondent N. B. Doxstater and at least two of his witnesses testified that the gas being supplied by the company at or about the time of the accident, had no perceptible odor. Mr. Doxstater testified his sense of smell was normal; he stated that he had not detected the odor of gas in the basement on the date of the accident, and the evidence shows that he was in the basement at least twice on that day, the last occasion being at the time of the explosion. He stated there was nothing to excite his suspicions, and that he noticed no hissing sound,

or that any appliance might be out of order. Mr. John Hartford, employed as a druggist in Lewiston, testifying for respondents, stated he had used gas in connection with his work every day since 1939; that he noticed an odor to the old gas, but not to the new gas. Mr. Atkinson, also testifying for respondents, stated that at the time of the accident, he was working as a bartender and cook in a pool hall in Lewiston, and that he read about the accident, and thereupon made several tests of the gas the day after the accident, but could not smell the gas odor.

 It might be reasonably concluded or inferred from this evidence that the gas was not sufficiently odorized; it thus became a question for the jury to determine whether or not the gas was not sufficiently odorized, as charged.

In the case of *Evans v. Davison*, 58 Ida. 600, 77 P. (2d) 661, we said: "This court has long been committed to the rule that in an action to recover damages resulting from alleged negligence, if the facts are such that more than one reasonable conclusion or inference can be drawn from the circumstantial facts in evidence—one that negligence has been shown, and one that negligence has not been shown— if the jury decides that negligence has been shown, the action of the jurors should not be disturbed."

And, in the case of *Estate of Randall*, 58 Ida. 143, 70 P. (2d) 389, we said: "The facts and circumstances submitted to the jury as disclosed by this record are such as might very well lead different minds to reaching different conclusions upon the issue presented; and where such is the case, however meager the evidence, if it is of a circumstantial nature and character, the findings of the triers of fact should prevail." (See also *Dawson v. Salt Lake Hardware Co.*, 64 Ida. 666, 136 P. (2d) 733; *Nelson v. Inland Motor Freight Co.*, 60 Ida. 443, 92 P. (2d) 790.)

 In connection with this matter, appellant has also urged it was under no legal duty to supply odorant, but under the evidence in this case, this theory is not tenable.

The testimony of appellant's expert, a chemical engineer of the Standard Oil Co. of California, which company supplied the gas in question, is to the effect that the odorant is added for the purpose of warning those who may come close to the gas, of a dangerous condition, and that it is recommended that a readily perceptible odor be present

when there is one-fifth enough gas to cause an explosion; that his company had run tests and come to the conclusion that that amount would give the average person that degree of protection, and that the conclusion is substantiated by the fact that 100 million cubic feet used in California are so odorized to give an equivalent degree of protection and that the odorant was supplied to all such gas furnished to utilities.

In addition to the odorant which was added to the gas by the California company, the appellant company also added an additional amount of odorant for the purpose of giving warning in the event of its escape. Appellant, having recognized the wisdom and advisability of so treating this gas which would otherwise be without odor, is hardly in a position to urge that it was under no legal duty to do this, especially in view of the high degree of care to which it is held by reason of the dangerous character of the gas, and its tendency to escape. Appellant's position in this respect, also disregards the provisions of Sec. 59-302, I. C. A., reading as follows: "Maintenance of adequate service.—Every public utility shall furnish, provide and maintain such service, instrumentalities, equipment and facilities as shall promote the safety, health, comfort and convenience of its patrons, employees and the public, and as shall be in all respects adequate, efficient, just and reasonable."

The court did not err in overruling this motion.

The giving of Instruction No. 6 is assigned as error and objection is made to that part of the instruction wherein the jury were advised that if they found that the failure of the company to notify the plaintiffs or the owner of the property of a change by the company in the character of the gas supplied to its customers caused respondent N. B. Doxstater to fail to detect said gas, and that such conduct on the part of defendant company was the proximate cause of the explosion, said defendant was liable for damages if any were sustained.

The evidence shows that prior to 1939 the company used what is known as "water gas" which had a strong odor; that in that year it changed over to butane gas, which, without an odorant is not perceptible by smell. The evidence further shows that notice of the change was given to its customers by the company at or about the time of the change, in April, 1939. This notice was in the form of a

form letter addressed to its customers and by published notice in the newspaper. These notices were admitted into the evidence without objection.

Aside from that fact, however, it does not appear that respondents were customers of the company at the time of the change. Therefore, the company was not chargeable with negligence in not giving notice. (*Ray v. Pacific Gas & Electric Co.*, 3 Cal. App. (2d) 339, 39 P. (2d) 912, supra.) To hold otherwise would place an intolerable burden upon the gas company and require it to give notice to each individual who might in the future become its customer.

This instruction was clearly erroneous, and is not warranted under the evidence, and we believe prejudicial, as it might have induced the jury to reach its verdict because of failure of notice to respondents of the change in the nature of the gas.

(7) Exception is also taken by appellant to instruction No. 7, reading as follows: "If from a preponderance of the evidence you believe that, at the time of the alleged explosion the defendant was, for a valuable consideration, furnishing butane gas to be used by the plaintiff for the purpose of heating water and other household uses; that the defendant had installed the water heater in the location where it was at the time of the explosion; that said location was dangerous for the use of the gas furnished at the time of the explosion; that the defendant knew, or by the exercise of ordinary care, would have known of said danger and failed to notify the plaintiffs or the owner of said premises of such dangerous condition, and that the plaintiffs did not know of such danger; and if you further find from a preponderance of the evidence, that the placing and maintaining of the water heater in such location was the proximate cause of said gas congregating and the explosion resulting therefrom, and that the plaintiffs were without negligence, in the matter, then your verdict should be for the plaintiffs."

We think this instruction was also erroneous, and prejudicial, and not warranted by any of the evidence in the case. It was uncontradicted that the appellant company had not installed the water heater and the jury should not have been instructed they might base their verdict for negligence on installation. (*Moran Junior College v. Standard*

*Oil Co. of California,* 184 Wash. 543, 52 P. (2d) 342; *Price v. MacThawaite Oil and Gas Co.,* 177 Okla. 495, 61 P. (2d) 177; *Loos v. Mountain Fuel and Supply Co., et al,* 99 Utah 496, 108 P. (2d) 254.)

In *Nordquist v. W. A. Simons Co.,* 54 Ida. 21, 28 P. (2d) 207, we said: "The fact that an instruction may be correct as a general principle of law is not material, because it was the duty of the trial court to confine itself to a statement of such principles of law as were applicable to the evidence admitted in support of the contentions of the parties, and thus to aid the jury in arriving at a correct determination of the issues involved, for if an instruction is not thus based on the evidence it is erroneous in that it introduces before the jury issues not presented thereby, and is well calculated to mislead and induce them to suppose that a state of facts constituting such issues existed, in the opinion of the court, under the evidence and might be considered by them. (14 R. C. L. 51)." (See also *Asumendi v. Ferguson,* 57 Ida. 450, 65 P. (2d) 713; *McIntire v. Oregon Shortline R.R. Co.,* 56 Ida. 392, 55 P. (2d) 148; *Owen v. Taylor,* 62 Ida. 408, 114 P. (2d) 258; *Gwin v. Gwin,* 5 Ida. 271, 48 P. 295; *Whitman v. McComas,* 11 Ida. 564, 83 P. 604; *Lloyd v. Anderson,* 39 Ida. 314, 227 P. 32.)

Appellant's other assignments of error have been considered but in view of what has been said herein, we believe a discussion of the same would not be of particular advantage to the trial court and counsel, and would only unnecessarily add to the length of this opinion.

It is our opinion that a new trial of this cause should be had, and the cause is remanded to the trial court for that purpose.

Costs to appellant.

Mr. Justice Ailshie did not sit at the hearing nor participate in this decision.

Holden, C. J., Budge and Givens, JJ., concur.